**Oliver M. BOLING, Appellant**

v.

**Warden J. SMITH; U.S. Parole Commission.**

**No. 05–4920.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) March 6, 2008.

Filed: April 2, 2008.

---

Lanora Williams, Winston & Strawn, Washington, DC, for Appellant.

Nathanael J. Byerly, Office of United States Attorney, Harrisburg, PA, for Warden J. Smith; U.S. Parole Commission.

Before: FISHER, GREENBERG and ROTH, Circuit Judges.

## OPINION OF THE COURT

FISHER, Circuit Judge.

Oliver Boling appeals the District Court's order denying his habeas corpus petition. For the reasons that follow, we will affirm the order.

### I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

In 1977, the Superior Court of the District of Columbia sentenced Boling to a term of imprisonment of 71 years and 6 months for his convictions of sodomy and assault with a deadly weapon. On February 16, 1999, the District of Columbia Board of Parole ("D.C. Board") released Boling on parole. On April 2, 1999, the District of Columbia Police arrested Boling and charged him with assault with a deadly weapon for striking his wife with a cane. Boling then followed his wife to the state of Connecticut, and on April 10, 1999, Connecticut Police arrested Boling and charged him with criminal trespass, criminal violation of a restraining order, and second-degree stalking. Boling subsequently pleaded guilty to criminal trespass and criminal violation of a restraining order, and as a result, served time in a Connecticut penitentiary for ten months.

On April 13, 1999, the D.C. Board issued a parole violator warrant. It executed the parole violator warrant on February 7, 2000; Boling was released from the Connecticut prison into the custody of United States Marshals who returned him to the District of Columbia. The D.C. Board served Boling with the warrant on March 3, 2000. On June 30, 2000, the D.C. Board held a revocation hearing, and found that he had violated his parole in five ways: (1)

he committed an assault with a deadly weapon; (2) he failed to obey all laws as evidenced by his arrest for assault with a deadly weapon; (3) he traveled outside the limits of his parole to Connecticut; (4) he failed to obey all laws as evidenced by his arrest for criminal trespass, disorderly conduct, and second-degree stalking; and (5) he failed to obey all laws as evidenced by his arrest for criminal trespass and second-degree stalking in violation of a civil protective order. On these grounds, the D.C. Board revoked his parole.[1]

On May 5, 2005, Boling filed a habeas corpus petition with the United States District Court for the Middle District of Pennsylvania, arguing that the D.C. Board violated his procedural due process rights in revoking his parole. On October 13, 2005, the District Court denied his petition. This timely appeal followed.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 2241(a) because Boling is currently confined in the United States Penitentiary in Lewisburg, Pennsylvania. We exercise jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(c). In determining whether a district court proper-

ly denied a petition for habeas corpus brought pursuant to 28 U.S.C. § 2241, we exercise plenary review over the district court's legal conclusions and apply a clearly erroneous standard to its factual findings. *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538 (3d Cir.2002).

## III.

Boling argues that the D.C. Board violated his procedural due process rights in revoking his parole.[2] In his brief to this Court, Boling conceded that, in order to prove that the D.C. Board violated his due process rights, he must show that the D.C. Board's errors were (1) unreasonable and (2) prejudicial to him. *See Camacho v. White*, 918 F.2d 74, 79 (9th Cir.1990).

Boling claims that the D.C. Board erred in the following ways: (1) it did not notify him that it had issued the parole violator warrant; (2) it did not notify him that it had lodged a detainer against him; (3) it did not notify him of his right to request a dispositional hearing relating to the detainer; (4) it did not serve him with the executed warrant; and (5) it improperly revoked his parole based on allegations not found in the warrant.[3] He claims that

1. Pursuant to the Balanced Budget Act of 1997, Pub.L. No. 105–33, § 11231(a)(1), the United States Parole Commission ("Commission") assumed the jurisdiction and authority of the D.C. Board in making parole decisions, and thus, it assumed responsibility for Boling's parole. Subsequently, on December 3, 2003, the Commission conducted a reconsideration hearing and ordered that Boling should be presumptively reparoled after 72 months. However, it later reopened Boling's case after discovering "significant adverse information" that it had not previously considered, namely that Boling posed a serious threat to his former wife. After considering this information, the Commission voided its December 2003 decision and ordered that Boling serve fifteen years with a reconsideration hearing in December 2018. As Boling does not argue that the Commission's conduct

violated his due process rights, we will not address its conduct in this opinion.

2. The parties agree that Boling has exhausted the administrative remedies available to him as required by 28 U.S.C. § 2241. Thus, we will assume that he has exhausted his available remedies, and will consider the merits of his petition.

3. Boling also argues that the D.C. Board erred because it did not conduct a probable cause hearing within five days of his arrest, and it did not conduct a revocation hearing in a timely manner. However, as he did not present these arguments in his initial brief to the District Court, we deem them to have been waived. *See Harris v. City of Phila.*, 35 F.3d 840, 845 (3d Cir.1994).

these errors were unreasonable. However, we will not reach the question of whether the D.C. Board committed these errors and the errors were unreasonable, because even if that were the case, Boling has failed to show that these defects were prejudicial to him.

Boling argues that these errors resulted in prejudice to him because he could not properly defend himself at his parole revocation hearing. Specifically, he argues that he could no longer locate a witness or access a video recording, both of which would have demonstrated that he did not assault his wife with a cane. He further alleges that if the D.C. Board had notified him that the Connecticut charges were being considered at the hearing, he would have called two witnesses in his defense who would have testified that he was lured to Connecticut.

Boling's arguments of prejudice are unavailing. As the District Court noted, Boling was represented by counsel during the revocation hearing, and he did not request a continuance to prepare his defense. Additionally, at the revocation hearing, although he did not have witnesses testify with regard to the Connecticut events, he was able to and did present a defense that he had been lured out of the state of Connecticut.[4] Moreover, other than his own speculation, he has never proffered any evidence demonstrating that these witnesses would be willing to testify on his behalf and would offer the testimony that he alleges. *C.f. Rolan v. Vaughn*, 445 F.3d 671, 682 (3d Cir.2006) (holding that, in demonstrating prejudice based on an ineffective assistance of counsel claim, the petitioner must not merely speculate as to

what a potential witness would have said but must have the witness testify in an evidentiary hearing before the district court). Finally, Boling eventually admitted that he had assaulted his wife with a cane, thus negating his claim that he was unable to present evidence that would have absolved his guilt. As a result, Boling has failed to show any prejudice, and therefore, he has not demonstrated that the D.C. Board violated his procedural due process rights.

IV.

For the foregoing reasons, we will affirm the District Court's order.

---

4. To the extent that Boling claims that he could not defend against the Connecticut charges generally, this argument is unavailing. "[A] parolee cannot relitigate issues determined against him in other forums." *Morrissey v. Brewer*, 408 U.S. 471, 490, 92 S.Ct.

2593, 33 L.Ed.2d 484 (1972). Thus, because Boling was convicted of the charges of criminal trespass and criminal violation of a restraining order in Connecticut, he could not relitigate those issues in the D.C. Board's revocation hearing.