

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-31-2008

# Oliver Boling v. Troy Williamson

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2583

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Oliver Boling v. Troy Williamson" (2008). *2008 Decisions.* Paper 19.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/19

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-14                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2583
_____

OLIVER M. BOLING,
                                            Appellant

v.

WARDEN TROY WILLIAMSON

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-07-cv-00855)
District Judge:  Honorable Edwin M. Kosik

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary
Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
October 17, 2008

Before: MCKEE, FISHER and CHAGARES, Circuit Judges

(Opinion filed: December 31, 2008 )
_____

OPINION
_____

PER CURIAM

       This is an appeal from the District Court's dismissal of Oliver M. Boling's habeas

corpus petition.  For the following reasons, we will dismiss this appeal.  See 28 U.S.C.

§ 1915(e)(2)(B)(i).

Boling was paroled from his sentence in the District of Columbia by the D.C. Parole Board ("Board") in 1998. His parole was revoked in 2000.[1] Boling was transferred from the Board to the United States Parole Commission ("Commission"), pursuant to the National Capital Revitalization and Self-Government Act of 1997. See Pub. L. No. 105-33, § 11231(a)(1), 111 Stat. 712 (1997) (codified as amended at D.C. Code § 24-131 (2001)). Initially, in 2003, the Commission ordered that Boling serve to a presumptive reparole after 72 months, on April 9, 2005. The Commission, citing the discovery of new information, ordered a special reconsideration hearing in 2004. At that hearing, the Commission voided its previous determination and ordered that Boling serve to a fifteen year reconsideration hearing in December 2018.

On May 5, 2005, Boling filed a habeas corpus petition in the United States District Court for the Middle District of Pennsylvania arguing that the Board violated his procedural due process rights in revoking his parole. The District Court denied his petition. Boling appealed, and we affirmed the District Court's order. See Boling v. Smith, 277 F.App'x 174 (3d Cir. 2008)(unpublished).

On May 10, 2007, Boling filed the instant habeas corpus petition pursuant to 28 U.S.C. § 2241, alleging that the Commission's order that he serve to a fifteen year reconsideration hearing was discriminatory, vindictive, and retaliatory. The District

_____

[1] For a more detailed discussion of the revocation of Boling's parole, see Boling v. Smith, 277 F. Appx. 174 (3d Cir. 2008)(unpublished).

2

Court dismissed the petition as an abuse of the writ.

We have recognized "that the abuse-of-the-writ doctrine applies to section 2241 petitions; thus, a petitioner may not raise new claims that could have been resolved in a previous action." Queen v. Miner, 530 F.3d 253, 255 (3d Cir. 2008) (per curiam). Boling had an opportunity to challenge the Commission's actions in his 2005 habeas corpus petition but failed to do so. See Boling, 277 F. App'x at 176 n.1. Therefore, Boling must establish either: 1) cause and prejudice, i.e., that some objective external factor impeded his efforts to raise the claim earlier and that actual prejudice resulted from the alleged errors; or 2) a fundamental miscarriage of justice would result from a failure to entertain his claim. See United States v. Roberson, 194 F.3d 408, 410 (3d Cir. 1999).

We agree with the District Court that Boling has failed to demonstrate cause and prejudice. Boling argued that he has not filed a previous petition raising the same issues he raises in the instant action. The Supreme Court has held that the abuse of writ doctrine precludes inmates from relitigating the same issues in subsequent petitions *or* from raising new issues that could have been raised in an earlier petition. See McCleskey v. Zant, 499 U.S. 467, 489 (1991) ("Our recent decisions confirm that a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice.") Since the events leading to Boling's complaint occurred prior to 2005, he should have raised the instant claims in his first petition.

3

Likewise, Boling has failed to show that a fundamental miscarriage of justice would occur if his petition is dismissed as an abuse of the writ. A fundamental miscarriage of justice may arise where "a petitioner supplements a constitutional claim with a colorable showing of factual innocence." Id. at 495 (quotation and citation omitted). Boling has not presented a colorable claim of factual innocence.

Accordingly, because Boling's appeal lacks arguable legal merit, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).