**Andrew J. McGILL, Jr., Appellant**

v.

**Warden Jerry MARTINEZ.**

**No. 09–1750.**

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) and Possible Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Aug. 13, 2009.

Opinion filed: Oct. 16, 2009.

Andrew J. McGill, Jr., White Deer, PA, pro se.

Dennis C. Pfannenschmidt, Esq., Office of United States Attorney, Harrisburg, PA, G. Michael Thiel, Esq., Office of United States Attorney, Scranton, PA, for Warden Jerry Martinez.

Before: RENDELL, HARDIMAN and ROTH, Circuit Judges.

## OPINION

PER CURIAM.

Andrew J. McGill, Jr., appeals *pro se* from the District Court's order denying his petition for a writ of habeas corpus, which he filed under 28 U.S.C. § 2241. Because this appeal presents no substantial question, we will summarily affirm. *See* 3d Cir. LAR 27.4 (2008); 3d Cir. I.O.P. 10.6.

### I.

McGill is a federal prisoner. On July 19, 2007, while he was incarcerated at FPC–Schuylkill, correctional staff conducted an institution-wide search for contraband. During the search, an officer discovered a cellular phone and a cellular phone charger in McGill's "assigned living area," which at that institution is described as a "cubicle" rather than a traditional cell. The officer issued an incident report charging McGill with a Code 108 violation.[1] Authorities transferred him to LSCI–Allenwood the next day. On July 24, 2007, the Unit Disciplinary Committee held a hearing, at which McGill denied that the phone was his and claimed that another inmate had thrown it into his cubicle during the mass search. The Committee determined that the offense, if proven,

---

1. Code 108 of the Prohibited Acts Code prohibits "[p]ossession, manufacture, or introduction of a hazardous tool (Tools most likely to be used in an escape or escape attempt or to serve as weapons capable of doing serious bodily harm to others; or those hazardous to institutional security or personal safety; e.g., hack-saw blade)." 28 C.F.R. § 541.13, Table 3. Prior to McGill's arrival at FPC–Schuylkill, the warden issued a memorandum to the prisoners explaining that possession of a cellular phone would be treated as a Code 108 violation because it "poses a serious impact on institution security." The memorandum also reminded prisoners of their responsibility to keep their areas free of contraband and concluded by stating that "you will be charged with a violation of Code 108 if a cellular telephone is found in your personal area."

warranted greater sanctions than it was authorized to impose, and transferred the matter to a Disciplinary Hearing Officer ("DHO").

The DHO conducted a hearing on July 31, 2007. According to the DHO's report, McGill stated at the hearing: "When they came in the Unit, the lights were out. I don't use a cell phone. I have seen inmate John McCullough in the cube next to me, and I have seen him use a cell phone numerous times. I believe he put it in my cube when we were handcuffed in the bathroom." McGill did not present any witnesses or other evidence.

The DHO found that McGill had committed the offense. The DHO based this conclusion on: (1) the incident report describing the officer's discovery of the items in McGill's cubicle; (2) the officer's photograph of those items in McGill's cubicle; and (3) the memorandum described in footnote one, above. The DHO also explained that McGill had presented no witnesses or other evidence in support of his claim. Among other sanctions, the DHO revoked a combined 229 days of McGill's good time credit. McGill exhausted his administrative remedies, then filed the § 2241 habeas petition at issue here. The District Court denied the petition by memorandum and order entered March 2, 2009. McGill appeals.[2]

## II.

Federal prisoners have a liberty interest in statutory good time credits. *See Vega,* 493 F.3d at 317 n. 4 (citing *Wolff v. McDonnell,* 418 U.S. 539, 557, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), and 18 U.S.C. § 3624(b)(1)). Thus, "[w]here a prison disciplinary hearing may result in the loss of good time credits, . . . an inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity . . . to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Superintendent v. Hill,* 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985) (citing *Wolff,* 418 U.S. at 563–67, 94 S.Ct. 2963). In addition, the disciplinary decision must be supported by "some evidence"—i.e., "any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455–46, 105 S.Ct. 2768.

■ McGill raises four challenges to his disciplinary proceeding. Each lacks merit, substantially for the reasons explained by the District Court. First, McGill argues that he received inadequate notice of the charge because the incident report states only that the cellular phone and charger were found in his "assigned living area" without specifying where. The notice, however, had only to "inform him of the charges and enable him to marshal the facts and prepare a defense." *Wolff,* 418 U.S. at 564, 94 S.Ct. 2963. The incident report did that by specifying the date and time at which the officer discovered the contraband and its nature. Those details allowed McGill to deny that the phone was his and claim that a particular inmate must have thrown it into his cubicle at a particular time. Indeed, McGill does not claim that he was actually unaware of where the officer found the cellular phone, and does

**2.** Challenges to the loss of good time credits are properly brought under § 2241, *see Queen v. Miner,* 530 F.3d 253, 254 n. 2 (3d Cir. 2008), and a certificate of appealability is not required to appeal the denial of a § 2241 petition, *see Burkey v. Marberry,* 556 F.3d 142, 146 (3d Cir.2009). We have jurisdiction under 28 U.S.C. § 1291 and 28 U.S.C. § 2253(a). "This Court reviews a District Court's denial of habeas corpus relief *de novo,*" but reviews any factual findings for clear error. *Vega v. United States,* 493 F.3d 310, 314 (3d Cir.2007).

not claim that he could or would have presented any other defense if the incident report had specified where in his cubicle the officer found it.

■ Second, McGill argues that the absence of such specification means that the record contained insufficient evidence to find him guilty of the charge. The DHO, however, relied on the officer's statement in the disciplinary report that he had found the cellular phone in McGill's "assigned living area" and the photograph that the officer took of the phone in that area. Thus, his decision clearly was based on "some evidence." The District Court, though ultimately reaching that conclusion, was properly troubled by the lack of detail because the precise location of the items in McGill's cubicle might have had some bearing on the plausibility of his explanation. We agree that a more detailed description would have been preferable. "The Federal Constitution," however, "does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Hill,* 472 U.S. at 457, 105 S.Ct. 2768. Instead, the decision had only to be supported by "some evidence," and it was so supported here.[3]

■ Third, McGill argues that Code 108 does not prohibit possession of a cellular phone and that the warden's interpretation thus constituted a "revision" of Code 108 that required a formal amendment. "An agency's interpretation of its own regula-

tion," however, "is 'controlling ... unless it is plainly erroneous or inconsistent with the regulation.'" *Chong v. Dist. Dir., INS,* 264 F.3d 378, 389 (3d Cir.2001). As explained above, the warden interpreted Code 108 to include possession of a cellular phone because he determined that such possession "poses a serious impact on institution security." That interpretation is perfectly consistent with Code 108's prohibition of items "hazardous to institutional security."

Finally, McGill argues that the record contains no evidence that he personally was provided with the warden's memorandum, which was issued before he arrived at the facility. McGill, however, does not claim that he was unaware that the possession of cellular phones is prohibited in general, or even that such possession is treated as a Code 108 violation in particular. To the contrary, he claims only that the cellular phone did not belong to him, not that he would not have had one had he known it was prohibited. Thus, even if McGill did not receive a copy of the memorandum, he suffered no conceivable prejudice.

Accordingly, we will affirm the judgment of the District Court.

---

3. McGill further argues that there was no evidence that *he* possessed the cellular phone because the incident report did not rule out the possibility that it was possessed by his cubicle mate, who was charged with the same offense (he does not allege what became of the charge). The District Court did not address that aspect of the argument, but it too lacks merit. As explained above, there is no requirement that the evidence rule out all other possibilities, and the fact that it implicated both McGill and his cubicle mate does

not render it insufficient to find against McGill. *See Hill,* 472 U.S. at 457, 105 S.Ct. 2768 (upholding disciplinary charges against three inmates and explaining that "[a]lthough the evidence in this case might be characterized as meager, and there was no direct evidence identifying any one of the three inmates as the assailant, the record is not so devoid of evidence that the findings by the disciplinary board were without support or otherwise arbitrary").