BLD-139                                                         NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 10-1033

CLARENCE HICKS,
Appellant

v.

JOHN YOST, Warden;
HARLEY G. LAPIN, Cent. Office Director;
SCOTT DODRILL, Reg. Director

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-09-cv-00123)
District Judge:  Honorable Kim R. Gibson

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
March 4, 2010

Before:  McKEE, RENDELL and CHAGARES, <u>Circuit</u> <u>Judges</u>

(Filed: April 22, 2010)

OPINION OF THE COURT

PER CURIAM

       Pro se appellant Clarence Hicks is a federal prisoner incarcerated at FCI-Loretto.

In July 2008, during a pat down search, prison officials found a cell phone hidden in the

waistband of his underwear. A prison incident report was subsequently issued, charging him with possession, manufacture, or introduction of a hazardous tool, in violation of Federal Bureau of Prisons ("BOP") Prohibited Acts Code 108. See 28 C.F.R. § 541.13 tbl.3. Following a disciplinary hearing, the hearing officer found Hicks guilty of the charged offense and imposed sanctions that included a loss of forty days good conduct time. Hicks sought administrative review of that decision, but his appeals were denied.

In May 2009, Hicks filed a habeas petition pursuant to 28 U.S.C. § 2241 in the District Court against FCI-Loretto Warden John Yost, BOP Central Office Director Harley Lapin, and BOP Regional Director Scott Dodrill (hereinafter collectively referred to as "Appellees"). Hicks filed an amended petition a few weeks later. In support of his petition, Hicks appeared to claim that the sanctions imposed against him violated his due process rights and other constitutional provisions because Code 108 did not explicitly refer to, or otherwise apply to, cell phones. The District Court referred the petition to a Magistrate Judge, who issued a report recommending that the court deny the petition on the merits. In December 2009, the District Court entered an order adopting the Magistrate Judge's report and denying Hicks's petition. Hicks now appeals from that order,[1] and Appellees have moved to summarily affirm.

---

[1]We have jurisdiction pursuant to 28 U.S.C. § 1291, and may affirm the District Court's judgment on any basis supported by the record. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). Hicks properly brought his challenge to the loss of good conduct time under § 2241, see Queen v. Miner, 530 F.3d 253, 254 n.2 (3d Cir. 2008), and he need not obtain a certificate of appealability to proceed with this appeal. See United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc).

Code 108 prohibits "[p]ossession, manufacture, or introduction of a hazardous tool ([t]ools most likely to be used in an escape or escape attempt or to serve as weapons capable of doing serious bodily harm to others; or those hazardous to institutional security or personal safety; e.g., hack-saw blade)." 28 C.F.R. § 541.13 tbl.3. In an October 2006 memorandum to the FCI-Loretto inmate population,[2] Warden Yost stated that "[i]nmates in possession of cell phones pose a serious threat to the security and orderly running of the institution," and that "any inmate found in possession of an electronic communication device or related equipment . . . may be charged with a violation of Code 108 . . . ."

Contrary to what Hicks appears to argue, the absence of the term "cell phone" in the text of Code 108 did not prevent the BOP from interpreting that provision to include this item. Moreover, Hicks has not shown that the BOP's interpretation of Code 108 is plainly erroneous or inconsistent with that provision. See Chong v. Dist. Dir., INS, 264 F.3d 378, 389 (3d Cir. 2001) ("An agency's interpretation of its own regulation is 'controlling . . . unless it is plainly erroneous or inconsistent with the regulation.'" (quoting Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 414 (1945))). We have considered Hicks's remaining arguments and conclude that they are without merit.

Because this appeal does not present a substantial question, Appellees' motion is granted and we will summarily affirm the District Court's judgment. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

---

[2]According to Appellees, Hicks has been incarcerated at FCI-Loretto since March 2005.