**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4474
_____

KAMAL K. PATEL,
                                        Appellant
v.

WARDEN ZENK; CORNELL COMPANIES, INC.;
HARLEY LAPPIN; BUREAU OF PRISONS
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3:08-cv-00251)
District Judge:  Honorable Kim R. Gibson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 15, 2011
Before:  SLOVITER, FISHER AND WEIS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 17, 2011)

_____

OPINION
_____


PER CURIAM.

        Kamal Patel, a federal prisoner proceeding pro se, appeals from the District

Court's order dismissing his habeas petition filed pursuant to 28 U.S.C. § 2241.  For the

1

reasons that follow, we will affirm.

## I.

Because we write for the parties, who are familiar with the background of this case, we discuss the events leading to this appeal only briefly. In 1993, the United States District Court for the Western District of Texas sentenced Patel to 293 months' imprisonment following his convictions for conspiracy to import heroin and witness tampering. In 2008, while incarcerated at the Federal Medical Center in Butner, North Carolina, Patel was charged with possessing a cell phone in violation of Bureau of Prisons ("BOP") Prohibited Acts Code 108. Code 108 prohibits inmates from possessing, manufacturing, or introducing a "hazardous tool," which is defined as "[t]ools most likely to be used in an escape or escape attempt or to serve as weapons capable of doing serious bodily harm to others; or those hazardous to institutional security or personal safety; e.g., hack-saw blade." 28 C.F.R. § 541.13 tbl.3. After holding an administrative hearing, the Disciplinary Hearing Officer ("DHO") issued a decision finding Patel guilty of a Code 108 violation and imposing sanctions that included the loss of 40 days of good conduct time.

In November 2008, Patel, then incarcerated at the Moshannon Valley Correctional Center ("MVCC"),[1] filed a habeas petition pursuant to § 2241 in the United States District Court for the Western District of Pennsylvania (hereinafter "the District

---

[1] MVCC, which is located within the Western District of Pennsylvania, is a private facility under contract with the BOP.

2

Court"). He subsequently submitted additional filings supplementing his petition. Patel claimed, inter alia, that possessing a cell phone constituted a Code 305 violation, not a Code 108 violation,[2] and that his due process rights had been violated during the prison disciplinary proceedings. In August 2010, a United States Magistrate Judge issued a report recommending that the District Court deny the petition on the merits. On September 29, 2010, the District Court entered a memorandum order overruling Patel's objections to the Magistrate Judge's report and dismissing the petition. In doing so, the court adopted the Magistrate Judge's report "as supplemented by this Memorandum Order." (Dist. Ct. Order of Sept. 29, 2010, at 7.) This appeal followed.[3]

## II.

Patel's briefing presents four arguments, which we consider in turn.[4] He first argues that, because a 2005 proposal to amend Code 108 to explicitly refer to a cell phone as a "hazardous tool" was not adopted, the BOP lacked the authority to charge him

---

[2] Code 305 prohibits the "[p]ossession of anything not authorized for retention or receipt by the inmate, and not issued to him through regular channels." 28 C.F.R. § 541.13 tbl.3. While a Code 108 violation is a disciplinary infraction of the "greatest severity," a Code 305 violation is only a "moderate" infraction. See id.

[3] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and may affirm the District Court's judgment on any basis supported by the record. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). Because Patel's challenge to the loss of good conduct time was properly brought under § 2241, see Queen v. Miner, 530 F.3d 253, 254 n.2 (3d Cir. 2008) (per curiam), he does not need to obtain a certificate of appealability to proceed with this appeal. See United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc).

[4] For ease of analysis, we discuss Patel's four arguments in a different order than that presented in his briefing.

with a Code 108 violation. We disagree. As the Magistrate Judge observed, "[t]hat BOP wanted to make explicit what was implicit by attempting to amend the C.F.R. does not mean that the existing form of words failed to encompass cell phones as [Patel] intimates." (Magistrate Judge's Report at 6.) The BOP acted within its authority in interpreting Code 108, and Patel has not shown that its interpretation that a cell phone constitutes a "hazardous tool" is "plainly erroneous" or "inconsistent" with Code 108. See Chong v. Dist. Dir., INS, 264 F.3d 378, 389 (3d Cir. 2001) ("An agency's interpretation of its own regulation is 'controlling . . . unless it is plainly erroneous or inconsistent with the regulation.'") (quoting Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 414 (1945)).

Patel's second argument is that Code 108 is unconstitutionally vague. A provision is void for vagueness if it (1) "fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits," or (2) "authorizes or even encourages arbitrary and discriminatory enforcement." Hill v. Colorado, 530 U.S. 703, 732 (2000). Because "it is nearly impossible for prison authorities to anticipate, through a narrowly drawn regulation, every conceivable form of misconduct which threatens prison security," we have "reject[ed] the view that the degree of specificity required of [prison] regulations is as strict in every instance as that required of ordinary criminal sanctions." Meyers v. Alldredge, 492 F.2d 296, 310 (3d Cir. 1974).

We are not persuaded that Code 108 is unconstitutionally vague. Patel does not dispute that he was prohibited from possessing a cell phone, see United States v.

4

Nat'l Dairy Prods. Corp., 372 U.S. 29, 32-33 (1963) ("Void for vagueness simply means that criminal responsibility should not attach where one could not reasonably understand that his contemplated conduct is proscribed"), and we believe that one could readily infer from Code 108's language that a cell phone would be among those tools "hazardous to institutional security." Additionally, Patel has not demonstrated that Code 108 authorizes or encourages arbitrary and discriminatory enforcement.

Patel's final two arguments concern challenges to the prison disciplinary proceedings. Specifically, he contends that his due process rights were violated because (1) the DHO was biased against him, and (2) several procedural safeguards applicable to disciplinary proceedings were not afforded to him. Neither of these claims warrants relief. First, Patel has not established that the DHO was biased against him. Second, Patel has not shown that he was prejudiced by the alleged procedural violations, for he does not dispute that he possessed a cell phone. Cf. Elkin v. Fauver, 969 F.2d 48, 53 (3d Cir. 1992) ("'If a person may be convicted and obliged to serve a substantial prison sentence notwithstanding a constitutional error determined to be harmless, surely the conditions of confinement of a sentenced prisoner may be made temporarily more severe as discipline for a prison rules infraction despite a harmless error in adjudicating the violation.'") (quoting Powell v. Coughlin, 953 F.2d 744, 750 (2d Cir. 1991) (citation omitted)).

In light of the above, we will affirm the District Court's September 29, 2010 order dismissing Patel's habeas petition.

5