**CLD-276**                                                               **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2872
_____

MAURICIO MATERON,
                                               Appellant

v.

WARDEN DAVID EBBERT, Allenwood FCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 11-0648)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 25, 2011

Before:  RENDELL, FUENTES and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  September 28, 2011)
_____

OPINION
_____

PER CURIAM

        Pro se appellant Mauricio Materon appeals the District Court's order denying his

petition for a writ of habeas corpus under 28 U.S.C. § 2241.  For the reasons discussed

below, we will summarily affirm the District Court's judgment.  <u>See</u> 3d Cir. L.A.R. 27.4;

I.O.P. 10.6.

Materon is a federal prisoner. On October 12, 2010, Officer Morales observed Materon speaking on a cellular phone in his cell. Officer Morales confiscated the phone, and Materon was charged with possession, manufacture, or introduction of a hazardous tool in violation of Code 108, 28 C.F.R. § 541.13, Table 3. After a hearing, the Unit Disciplinary Committee found Materon guilty of the Code 108 offense. The Discipline Hearing Officer (DHO) noted that Materon did not dispute that he had possessed a cell phone, and held that this constituted a violation of Code 108. More specifically, the DHO concluded that cell phones qualify as "hazardous tools" because they have "been used to arrange rendezvous for escapes" and "to arrange contraband introductions." This interpretation, the DHO, stressed, was consistent with a memorandum issued by Warden Donna Zickefoose. Materon was sentenced to 30 days of disciplinary segregation, disallowance of 40 days of good conduct time, forfeiture of 540 days of non-vested good conduct time, and loss of various privileges.

In April 2011, Materon filed a habeas petition pursuant to 28 U.S.C. § 2241 in the District Court. Materon claimed that the DHO had violated his due process rights by finding him guilty of the Code 108 offense. According to Materon, cell phones did not qualify as "hazardous tools" under 108; rather, his conduct was punishable under only Code 305, which prescribes less-severe penalties than Code 108. The District Court denied Materon's petition, and Materon filed a timely notice of appeal to this Court.[1]

---

[1] Challenges by federal prisoners to the loss of good time credits are properly brought under § 2241, see Queen v. Miner, 530 F.3d 253, 254 n.2 (3d Cir. 2009), and a certificate of appealability

Federal prisoners have a liberty interest in statutory good time credits. See Vega, 493 F.3d at 317 n.4. When a prison disciplinary hearing may result in the loss of good time credits, the prisoner is entitled to "(1) advance written notice of the disciplinary charges; (2) an opportunity . . . to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." Superintendent v. Hill, 472 U.S. 445, 454 (1985). In addition, the disciplinary decision must be supported by "some evidence" — that is, "any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-56.

Materon presents a single argument — that Code 305, not Code 108, covers his offense. Code 108 prohibits "[p]ossession, manufacture, or introduction of a hazardous tool (Tools most likely to be used in an escape or escape attempt or to serve as weapons capable of doing serious bodily harm to others; or those hazardous to institutional security or personal safety; e.g., hack-saw blade)." 28 C.F.R. § 541.13, Table 3. Code 305, meanwhile, prohibits "[p]ossession of anything not authorized for retention or receipt by the inmate, and not issued to him through regular channels." Id.

We agree with the District Court that Materon's argument lacks merit. The DHO determined, in accordance with a memorandum issued by the warden, that cell phones were "hazardous tools" because they could be used to facilitate escape or to engage in

---

is not required to appeal the denial of a federal prisoner's § 2241 petition, see Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009). We have jurisdiction under 28 U.S.C. § 1291 and 28 U.S.C. § 2253(a). We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact. Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).

other illegal activities, and thus represent "a threat to the security and orderly running of the institution." Therefore, the DHO concluded, Materon's conduct was punishable under Code 108. This interpretation is consistent with the language of Code 108, and we thus discern no error in the DHO's analysis. See Chong v. Dist. Dir., INS, 264 F.3d 378, 389 (3d Cir. 2001) ("An agency's interpretation of its own regulation is 'controlling . . . unless it is plainly erroneous or inconsistent with the regulation.'" (quoting Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 414 (1945)).

Accordingly, we will summarily affirm the District Court's order denying Materon's § 2241 petition. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.