FILED
United States Court of Appeals
Tenth Circuit

October 12, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

SAMUEL ROBERT QUEEN,

      Petitioner - Appellant,

v.

MICHAEL NALLEY,

      Respondent - Appellee.

No. 07-3163

(D. Kansas)

(D.C. No. 06-CV-3136-RDR)

---

**ORDER AND JUDGMENT** [*]

---

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

---

Samuel Robert Queen is a federal prisoner in White Deer, Pennsylvania. While incarcerated in Marion, Illinois, he filed an application in the United States District Court for the District of Kansas for relief under 28 U.S.C. § 2241, challenging on due process grounds two administrative disciplinary decisions made while he was incarcerated in Leavenworth, Kansas, that resulted in the loss of good-time credits. The district court dismissed his application for lack of

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

jurisdiction because Mr. Queen was not in custody in Kansas at the time of his filing. After taking a "quick look" at the merits of Mr. Queen's application, the court determined that it would not be in the interests of justice to transfer the action to the appropriate district. Mr. Queen filed a timely motion under Fed. Rule Civ. P. 59 and 60 for reconsideration. The court denied the motion. Mr. Queen appeals the dismissal of his application. Because we find no abuse of discretion in the dismissal or the decision not to transfer the action, we affirm the judgment of the district court.

"A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000) (internal quotation marks omitted). It is undisputed that Mr. Queen was incarcerated in Illinois when he filed his application in Kansas. The district court consequently lacked jurisdiction over his application.

Nevertheless, "[j]urisdictional defects that arise when a suit is filed in the wrong federal district may be cured by transfer under the federal transfer statute, 28 U.S.C. § 1631, which requires a court to transfer such action if the transfer is in the interest of justice." *Id*. at 1150 (internal quotation marks omitted). "Although . . . § 1631 contain[s] the word 'shall,' we have interpreted the phrase 'if it is in the interest of justice' to grant the district court discretion in making a decision to transfer an action or instead to dismiss the action without prejudice."

*Trujillo v. Williams*, 465 F.3d 1210, 1222–23 (10th Cir. 2006). We therefore review the decision not to transfer for an abuse of discretion. *Id.* at 1223.

In considering a transfer, a court is authorized to take "a [quick look] at the merits to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed." *Haugh*, 210 F.3d at 1150 (internal quotation marks omitted). The district court determined that Mr. Queen had been afforded the due process required by *Wolff v. McDonnell*, 418 U.S. 539, 563–66 (1974), and *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445, 454 (1985), in his two disciplinary hearings. It found that Mr. Queen had received written notice of the charges more than 24 hours before the hearing, that he had had an opportunity to present witnesses and evidence, that he had received written statements of the evidence relied on and reasons for the disciplinary action, and that there was "some evidence" to support the hearing examiner's decision. *Queen v. Nalley*, 2007 WL 316984, at *2 (D. Kan. Jan. 30, 2007) (unpublished). The district court's careful consideration of Mr. Queen's claims—more than a "quick look"—makes it clear that there was no abuse of discretion in declining to transfer the action.

We AFFIRM the judgment of the district court.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge

-3-