

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-25-2008

# Queen v. Miner

Precedential or Non-Precedential: Precedential

Docket No. 08-1049

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Queen v. Miner" (2008). *2008 Decisions.* Paper 930.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/930

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

HLD-82                                          **PRECEDENTIAL**


UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 08-1049

———————


SAMUEL ROBERT QUEEN, JR.,
                                        Appellant


v.


JONATHAN C. MINER, Warden

———————


On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Civil Action No. 07-cv-1679
(Honorable John E. Jones III)

———————


Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and IOP 10.6
February 29, 2008

Before:  SCIRICA, Chief Judge,
ALDISERT and GARTH, Circuit Judges.

(Filed: June 25, 2008)

Samuel Robert Queen, Jr.
Appellant, Pro Se

Kate L. Mershimer, Esquire
Office of United States Attorney
228 Walnut Street, P.O. Box 11754
220 Federal Building and Courthouse
Harrisburg, Pennsylvania 17108
      Attorney for Appellee

---

OPINION OF THE COURT

---

PER CURIAM.

Samuel Robert Queen, Jr. appeals from an order of the United States District Court for the Middle District of Pennsylvania, dismissing his habeas corpus petition filed pursuant to 28 U.S.C. § 2241. We will affirm the District Court's order.

Queen's habeas petition presented due process challenges and also challenged the finding that he was guilty of an institutional infraction for Possession, Manufacture, or Introduction of a Weapon, Code 104. See 28 C.F.R. § 541.13

2

(listing prohibited acts). The Respondent below noted that Queen had already raised the same claims, challenging the same incident unsuccessfully, in a § 2241 habeas petition filed in the United States District Court for the District of Kansas.[1] The Respondent asked the Court to dismiss Queen's petition on the basis of claim preclusion and issue preclusion.

The District Court, without addressing the availability of relief under § 2241, see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), dismissed Queen's § 2241 petition as successive.[2] We

_____

[1] Queen's subsequent appeal to the United States Court of Appeals for the Tenth Circuit and his petition for writ of certiorari were also unsuccessful. See Queen v. Nalley, No. 07-3163, 2007 WL 2981420 (10th Cir. Oct. 12, 2007), cert. denied, 128 S. Ct. 2061 (Apr. 21, 2008).

[2] A challenge, such as this one, to a disciplinary action that resulted in the loss of good-time credits, is properly brought pursuant to § 2241, as the action could affect the duration of the petitioner's sentence. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (challenge that affects fact or duration of confinement must be brought in habeas petition); Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001) (petition that challenges prison disciplinary sanction, including loss of good-time credits, is a challenge to execution of sentence properly brought under § 2241); McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 812 (10th Cir.1997) (same); see also

3

have noted, in the context of a § 2241 petition brought by an immigration detainee, that § 2241 petitions are not subject to the gatekeeping mechanism of § 2244(b); i.e., a petitioner need not seek permission from a court of appeals before filing a second or successive § 2241 petition. See Zayas v. INS, 311 F.3d 247, 255 (3d Cir. 2002). We have further recognized that the abuse-of-the-writ doctrine applies to section 2241 petitions; thus, a petitioner may not raise new claims that could have been resolved in a previous action. Id at 257; McCleskey v. Zant, 499 U.S. 467, 483-86 (1991).

As we noted in Zayas, the provisions of § 2244(b) refer specifically to claims presented in a second or successive habeas corpus petition filed pursuant to 28 U.S.C. § 2254 and therefore do not apply to a petition filed pursuant to § 2241. However, § 2244(a), as set forth in the margin,[3] does not reference § 2254,

---

Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 758-59 (3d Cir.1996) (entertaining, without discussion of propriety of the vehicle, prisoner's challenge to loss of good time credits following disciplinary proceeding brought pursuant to § 2241).

[3]Subsection (a) provides:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such

4

and thus by its terms applies to any application for a writ of habeas corpus filed by a person who is in detention pursuant to a judgment of a court of the United States.[4]  See Valona v. United States, 138 F.3d 693, 695 (7th Cir. 1998) (noting that "§ 2244(a) bars successive petitions under § 2241 directed to the same issue concerning execution of a sentence"); Chambers v. United States, 106 F.3d 472, 475 (2d Cir.1997) (dismissing pursuant to § 2244(a) jail-credit claim brought in earlier § 2241 petition).

The District Court here properly found that the issues raised in Queen's § 2241 petition either had been, or could have been, decided in his previous habeas action.  We therefore will affirm the District Court's judgment dismissing the action pursuant to 28 U.S.C. § 2244(a).

---

detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C.A. § 2244(a).

[4]We had no occasion to apply § 2244(a) in Zayas, as the petitioner there was not in detention pursuant to the judgment of a court of the United States.  See also Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) (holding that § 2244(a) does not apply to § 2241 petition filed by immigration detainee).