**Warren BOARDLEY, Appellant**

v.

**Jeff GRONDOLSKY, Warden; U.S. Parole Commission.**

No. 09–1643.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Sept. 1, 2009.

Opinion filed: Sept. 1, 2009.

---

Warren Boardley, Fort Dix, NJ, pro se.

Karen H. Shelton, Esq., Office of United States Attorney, Trenton, NJ, for Jeff Grondolsky, Warden; U.S. Parole Commission.

Before McKEE, HARDIMAN and COWEN, Circuit Judges.

OPINION

PER CURIAM.

Warren Boardley appeals from an order of the United States District Court for the District of New Jersey, which denied his petition filed pursuant to 28 U.S.C. § 2241, challenging a decision of the United States Parole Commission. We will affirm, albeit for different reasons. *In re Mushroom Transp. Co., Inc.*, 382 F.3d 325, 344 (3d Cir.2004) (court of appeals may affirm on different grounds than those relied on by district court).

I.

As the parties are familiar with the facts, we relate here only those facts essential to our holding. Boardley is serving a 47–year sentence for participation in a racketeering enterprise, aiding and abetting, RICO conspiracy, conspiracy to dis-

tribute and possess with intent to distribute heroin and cocaine, and conspiracy to defraud the United States. He first became eligible for parole in 1998. The United States Parole Commission ("the Commission") determined to continue Boardley to a 15 year reconsideration in August, 2013, noting, *inter alia:*

> [Y]ou have admitted as part of your pleas [sic] agreement to ordering 5 attempted murders. In addition, the evidence provided by the court supports that you also ordered the murder of 3 additional individuals.

Supp.App. at 97. In an administrative appeal, Boardley argued against this finding, stating that the Commission should not have considered any unproven allegations about contract murder. However, the National Appeals Board affirmed the decision, noting, among other things, Boardley's "responsibility for five attempted murders and three murders." Supp.App. at 99.

Boardley filed a habeas petition pursuant to 28 U.S.C. § 2241 in the District Court in 2000, raising numerous issues challenging the 1998 parole decisions. *See Boardley v. United States Parole Commission*, M.D. Pa. Civ. No. 99–CV–00816. The District Court in that case dismissed some of Boardley's claims for failure to exhaust administrative remedies, dismissed other claims that it found noncognizable in a § 2241 petition, and denied others on the merits. On appeal to our Court, Boardley argued, *inter alia*, that the Commission erred in relying on information tying him to murders and attempted murders, depriving it of "good cause" for holding him beyond the guideline range. We found that although Boardley had presented a form of that argument in his appeal to the National Appeals Board, he had not included it in his habeas petition. We stated that even if we could construe Boardley's petition as having

raised the issue, it would not prevail on the merits. *See Boardley v. United States Parole Commission*, C.A. No. 00–3526 (3d Cir. June 13, 2001) (per curiam) (not precedential).

Following several interim parole decisions not relevant here, the Commission conducted a statutory interim hearing on June 5, 2006. At the hearing, Boardley requested that proceedings be reopened, and presented a transcript of a September 2005 deposition given under oath by Aaron Headspeth. Headspeth had previously implicated Boardley in several murders, but in the deposition, Headspeth retracted his previous statements, stating that he had only told federal authorities what they wanted to hear in order to try to obtain favorable treatment in regards to charges pending against him. The Hearing Examiner deferred a final decision in order to consider the evidence presented. On January 10, 2007, the Examiner recommended that the Commission deny the request to reopen and continue to a 15–year reconsideration hearing in February 2013.[1] The Examiner noted that four witnesses not including Headspeth had implicated Boardley in ordering murders, and that Headspeth's recantation did not change the statements made by the other cooperating witnesses. Supp.App. 116–18.[2] On January 22, 2007, the Commission ordered no change in the 15–year reconsideration date of February 2013. Supp.App. 119. The National Appeals Board affirmed on December 18, 2007, finding that the Commission reasonably concluded that the deposition and part of an affidavit Boardley had submitted did not impact the previous findings made by the Commission. Supp. App. 133.

Boardley then filed the § 2241 petition at issue here, arguing that the Commission's decision to continue his incarceration is based on an inaccurate factual predicate (*i.e.*, linking him to the contract murder of three individuals), and that the decision is arbitrary and capricious and violates his right to due process. After receiving an answer and Boardley's reply, the District Court determined that there was a rational basis in the record for the Commission's decision, and denied the § 2241 petition. Boardley filed a timely notice of appeal.

## II.

We have recognized "that the abuse-of-the-writ doctrine applies to section 2241 petitions; thus, a petitioner may not raise new claims that could have been resolved in a previous action." *Queen v. Miner*, 530 F.3d 253, 255 (3d Cir.2008) (per curiam); 28 U.S.C. § 2244(a). Boardley had an opportunity to challenge the Commission's finding that he was tied to three murders in his 2000 habeas corpus petition but he failed to properly do so. In order to raise the claim in the petition at issue here, Boardley was required to establish either: 1) cause and prejudice, *i.e.*, that some objective external factor impeded his efforts to raise the claim earlier and that actual prejudice resulted from the alleged errors; or 2) a fundamental miscarriage of justice would result from a failure to entertain his claim. *See United States v. Roberson*, 194 F.3d 408, 410 (3d Cir.1999).

The Supreme Court has held that the abuse of writ doctrine precludes inmates from relitigating the same issues in subsequent petitions *or* from raising new issues that could have been raised in an earlier

---

1. In 2002, the Commission had reopened and advanced Boardley's 15–year reconsideration date by six months (to February 2013) for superior program achievement. Supp.App. at 106–07.

2. The District Court opinion here quotes the Examiner's recommendation at length, *see* Dist. Ct. Op. at 4–6.

petition. *See McCleskey v. Zant*, 499 U.S. 467, 489, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991) ("Our recent decisions confirm that a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice."). Boardley has been on notice since the first Commission decision in 1998 that the Commission had considered evidence tying him to three murders in denying him parole, and he thus could have raised the claim in his earlier petition. Boardley might argue that the factual predicate of his claim, *i.e.*, Headspeth's deposition, was not available at the time of his earlier petition, but he has not explained why he could not have requested Headspeth's testimony earlier.

Assuming, *arguendo*, that Boardley could show that some objective external factor impeded his efforts to raise the claim earlier, he cannot show prejudice. As noted above, we stated in our opinion concerning Boardley's earlier habeas petition that such a claim, if properly raised, would be without merit:

> In the sentencing transcript, which was referenced by the hearing examiners, Boardley's attorney stated that his client had admitted culpability for the attempted murders, if not the contract murders. *See* Sent. Tr., 9; see also 28 C.F.R. § 2.20, Severity Index, Chapter 1, ¶ 102 (stating that attempted crimes are to be treated "as the offense attempted"). Moreover, the sentencing court recognized that Boardley had some conspiratorial liability for the contract murders committed by his coconspirators. *See* Sent. Tr., 10; see also 28 C.F.R. § 2.20, Severity Index, Chapter 13(A)(4) (noting that a prisoner is to be held responsible for the foreseeable acts of coconspira-

tors). Thus, there was a rational basis in the record for the conclusion that Boardley was "responsib[le] for five attempted murders and three murders." *See* Appeals Board's Order, 1.

*Boardley v. United States Parole Commission*, C.A. No. 00–3526, slip op. at 7–8 (3d Cir. June 13, 2001). We further noted that the Commission's severity index rating relied "largely on Boardley's own admissions," rather than those of his codefendants. *Id.* at 8, n. 4. The contents of Headspeth's deposition do not negate the other evidence relied on by the Commission; thus, Boardley would not be prejudiced even if the Commission had failed to consider the Headspeth deposition. *United States v. Frady*, 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982) (to show prejudice, petitioner must show that errors "worked to his actual and substantial disadvantage, infecting his entire [proceeding] with error of constitutional dimensions.").

Likewise, Boardley has failed to show that a fundamental miscarriage of justice would occur if his petition is dismissed as an abuse of the writ. A fundamental miscarriage of justice may arise where "a petitioner supplements a constitutional claim with a colorable showing of factual innocence." *Id.* at 495, 111 S.Ct. 1454 (quotation and citation omitted). Boardley has not presented a colorable claim of factual innocence.

Accordingly, we will affirm the District Court's denial of Boardley's § 2241 petition.[3]

---

**3.** The Motion by Appellees for leave to file its brief and supplemental appendix under seal is granted.