**Aaron GRAHAM, Appellant**

v.

**WARDEN OF FCI ALLENWOOD.**

No. 09–2736.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Sept. 30, 2009.

Opinion filed: Oct. 13, 2009.

Aaron Graham, Allenwood FCI (LOW), White Deer, PA, pro se.

Kate L. Mershimer, Esq., Office of United States Attorney, Harrisburg, PA, U.S. Atty. Scranton, Office of United States Attorney, Scranton, PA, for Warden of FCI Allenwood.

Before: SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges.

## OPINION

PER CURIAM.

Aaron Graham filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking credit against his federal sentence for time he served in state prison. Specifically, he argued that he should receive credit for time served from November 14, 2003, through June 25, 2004. Graham made this argument previously, albeit within his request in an earlier petition pursuant to 28 U.S.C. § 2241 for credit for time served between August 27, 2003, and May 2, 2005. The District Court rejected Graham's argument previously and denied his earlier petition. We affirmed the District Court's decision. *See Graham v. Hogston,* 268 Fed.Appx. 192 (3d Cir.2008) (*per curiam*). This time, relying on 28 U.S.C. § 2244(a), the District Court dismissed Graham's petition. Graham appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review *de novo* the District Court's order dismissing Graham's petition. Upon review, we conclude that Graham's appeal must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because it has no arguable basis in fact or law. *See Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

The District Court properly dismissed Graham's petition pursuant to 28 U.S.C. § 2244(a) as a second or successive petition. No circuit or district judge need evaluate the legality of a detention where the legality has previously been determined by a federal judge or a federal court. 28 U.S.C. § 2244(a). Section 2244(a) bars second or successive challenges to the legality of a detention pursuant to 28 U.S.C. § 2241, including those § 2241 petitions which challenge the execution of a federal sentence. *See Queen v. Miner,* 530 F.3d 253, 255 (3d Cir.2008). Graham previously requested credit for time served between November 2003 and June 2004. We and the District Court considered and rejected his request. Neither we nor the District Court need to consider the same request again.

In short, the District Court properly dismissed Graham's § 2241 petition as second or successive under 28 U.S.C. § 2244(a), and we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).