DLD-060                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3425
_____

DERRICK LAKEITH BROWN,
                                   Appellant

v.

WARDEN B. A. BLEDSOE; HARLEY G. LAPPIN;
DSCC CHIEF; US ATTY GENERAL

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 10-01424)
District Judge:  Honorable William J. Nealon

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 9, 2010

Before:  BARRY, FISHER and STAPLETON, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 12, 2011)
_____

OPINION
_____

PER CURIAM

        Derrick Lakeith Brown, a federal prisoner proceeding pro se, appeals an order of

the United States District Court for the Middle District of Pennsylvania denying the petition that he filed under 28 U.S.C. § 2241. Because this appeal presents no substantial question, we will summarily affirm the judgment of the District Court.

Brown claims that he is serving a prison sentence of 387 months, which was imposed in 2008 by the United States District Court for the Western District of Tennessee. The sentencing court's Judgment recommended that he be placed "in a facility equipped with mental and psychological testing and treatment." It appears that Brown was transferred in 2009 from the United States Penitentiary in Tucson, Arizona ("USP-Tucson"), to the one in Lewisburg, Pennsylvania ("USP-Lewisburg"), where he was placed in the Special Management Unit ("SMU"). In his § 2241 petition, Brown asserted that the transfer constituted an improper execution of his sentence because USP-Lewisburg does provide psychological services of the type recommended by the sentencing court.[1] As relief, Brown sought, inter alia, to be "transferred to a proper non-violent institution or facility equipped with psychological testing and treatment."

---

[1] Brown also claimed that he was transferred and placed in the SMU in retaliation for filing administrative grievances. The District Court properly dismissed these claims without prejudice to Brown's ability to bring them in a civil rights action. Brown further suggested that he was "deprived of [his] rights in good time credits." While a § 2241 petition may be used to challenge a disciplinary proceeding that resulted in the loss of good conduct time, see Queen v. Miner, 530 F.3d 253, 254 n.2 (3d Cir. 2008), Brown has alleged only that he will not be able to "earn any good time credits at all while at the [SMU]." Appellant's Argument in Opposition to Summary Action, 2. We read this claim as a challenge to the denial of the opportunity to earn good time credits, rather than as a challenge to the loss of good time credits actually awarded. Accordingly, the claim is not cognizable in a § 2241 petition. See Leamer v. Fauver, 288 F.3d 532, 543-44 (3d Cir. 2002).

The District Court dismissed the petition, concluding that Brown's claims were not cognizable under § 2241. We have jurisdiction over the instant appeal pursuant to 28 U.S.C. § 1291, and our review of the District Court's dismissal of Brown's § 2241 petition is plenary. See Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002).

Brown's petition did not challenge the fact or the duration of his confinement, which are the essence of habeas. See Preiser v. Rodriguez, 411 U.S. 475, 484, 487 (1973). As we have explained, "when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate." Leamer, 288 F.3d at 542. Furthermore, while § 2241 allows a federal prisoner to challenge the "execution" of his sentence in habeas, Brown has not demonstrated that his transfer to USP-Lewisburg was anything other than a "garden variety prison transfer," which we have indicated does not give rise to a habeas claim. See Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 243 (3d Cir. 2005).

Because the District Court did not err in dismissing Brown's § 2241 petition, we conclude that his appeal presents us with no substantial question. Accordingly, we will summarily affirm the judgment of the District Court. See Third Circuit L.A.R. 27.4 and I.O.P. 10.6.