**ALD-011**                                                   **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2951
_____

JULIUS T. HALL,
                                        Appellant
v.

DONNA ZICKEFOOSE

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 10-02345)
District Judge:  Honorable Renee M. Bumb

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 14, 2011
Before:  SLOVITER, FISHER and WEIS, <u>Circuit Judges</u>
(Opinion filed: October 21, 2011)
_____

OPINION
_____

PER CURIAM.

        Julius T. Hall, a prisoner at the Federal Correctional Institution ("FCI") Fort Dix,

appeals pro se from an order denying his petition for writ of habeas corpus under 28

U.S.C. § 2241.  Because no substantial question is presented by this appeal, we will

summarily affirm the order of the District Court.  <u>See</u> 3d Cir. LAR 27.4; I.O.P 10.6.

I.        <u>Background</u>

In February 2009, while Hall was incarcerated at FCI Schuylkill, prison officials conducted a routine shakedown of prison cells and found a cellular phone and charger hidden inside a desk light in Hall's cell. Hall and his cellmate were questioned; Hall admitted that the cellular phone and charger were his. A prison incident report was subsequently issued, and Hall was charged with "[p]ossession, manufacture, or introduction of a hazardous tool (Tools most likely to be used in an escape or escape attempt . . .; or those hazardous to institutional security . . .)," in violation of the Federal Bureau of Prisons ("BOP") Prohibited Acts Code ("PAC") 108. See 28 C.F.R. § 541.13 tbl. 1 (2010).[1] A disciplinary hearing was held. Based on Hall's admission and a May 2008 memorandum from the Warden to the inmate population,[2] the disciplinary hearing officer ("DHO") found Hall guilty and imposed sanctions that consisted of 60 days of disciplinary segregation, disallowance of 54 days of good conduct time, forfeiture of 270 days of non-vested good conduct time, loss of phone privileges for two years, loss of visitation privileges for two years, loss of commissary privileges for 18 months, and

---

[1] The current version of PAC 108 includes a portable telephone as an example of a hazardous tool. See 28 C.F.R. § 541.3 tbl. 1 (2011).

[2] The May 2008 memorandum, which was a re-issuance of a memorandum dated October 28, 2005, informed the inmate population that an inmate found in possession of a cellular phone would be charged with a violation of PAC 108 because the Warden had determined that inmate possession of a cellular telephone poses a serious threat to institutional security.

2

disciplinary transfer. Hall sought administrative review of the decision, but his appeals were denied.[3]

In May 2010, Hall filed a habeas petition pursuant to 28 U.S.C. § 2241, alleging that his due process rights were violated because BOP failed to provide him with notice that the punishment for his charged misconduct had been increased from a moderate severity level to a greatest severity level violation and PAC 108 is void for vagueness. He also alleged that his equal protection rights were violated. The District Court denied his petition, and Hall timely appealed. Appellee has moved to summarily affirm.

II.    Jurisdiction

We have jurisdiction pursuant to 28 U.S.C. § 1291. Hall properly brought his challenge to the loss of good conduct time under § 2241, see Queen v. Miner, 530 F.3d 253, 254 n.2 (3d Cir. 2008), and he need not obtain a certificate of appealability to proceed with this appeal, see United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc). We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact. Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).

---

[3] It is unclear whether Hall exhausted the administrative remedies for all the claims raised in his habeas petition.

3

III.    Discussion

A.    Due Process Claims

Hall argued that his due process rights were violated because he did not receive notice that the penalty for possession of a cellular phone increased from a moderate severity level violation under PAC 305[4] to a greatest severity level violation under PAC 108.  Hall noted that a 2005 proposal to amend PAC 108 to explicitly refer to a cellular phone as a hazardous tool was not adopted.  Therefore, he asserted that BOP lacked the authority to charge him with a PAC 108 violation since BOP's defining of a cellular phone as a hazardous tool under PAC 108 was not completed through the Administrative Procedures Act ("APA").

We agree with the District Court and reject Hall's argument.  The APA requires that general notice of the proposed regulation be published in the Federal Register and that interested persons be given an opportunity to comment on the proposed regulation.  5 U.S.C. § 553; Chao v. Rothermel, 327 F.3d 223, 227 (3d Cir. 2003).  The APA, however, applies only to legislative rules, which are rules that impose new duties upon the regulated party.  See Chao, 327 F.3d at 227.  The APA does not apply to PAC 108 because PAC 108 is an interpretive rule.  See id. (If the agency is not adding or amending language to the regulation, the rule is interpretive).  BOP acted within its authority in

_____

[4] PAC 305 prohibits the "[p]ossession of anything not authorized for retention or receipt by the inmate, and not issued to him through regular channels."  28 C.F.R. § 541.13 tbl. 1 (2010).

4

interpreting PAC 108, and Hall has not shown that BOP's interpretation that a cellular phone is a hazardous tool is plainly erroneous or inconsistent with PAC 108. See Chong v. Dist. Dir., Immigration & Naturalization Serv., 264 F.3d 378, 389 (3d Cir. 2001) ("An agency's interpretation of its own regulation is controlling . . . unless it is plainly erroneous or inconsistent with the regulation.")

Hall also argued that his due process rights were violated because PAC 108 is void for vagueness. The District Court properly determined that this argument is meritless. A regulation is void for vagueness if it (1) "fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits," or (2) "authorizes or even encourages arbitrary and discriminatory enforcement." Hill v. Colorado, 530 U.S. 703, 732 (2000). We are not persuaded that PAC 108 is unconstitutionally vague. It is clear what the regulation as a whole prohibits, which limits the possibility of arbitrary and discriminatory application. See Grayned v. City of Rockford, 408 U.S. 104, 108-10 (1972). One can readily infer from the language of PAC 108 that a cellular phone would be among those tools "likely to be used in an escape or escape attempt," or otherwise "hazardous to institutional security." Accordingly, Hall's void for vagueness claim fails.

B.      Equal Protection Claim

Hall argued that he has been treated differently from other inmates in similar situations in violation of the Equal Protection Clause. He claimed that prison officials charge inmates with a PAC 108 or PAC 305 violation depending on whether they like or dislike the inmate. Hall alleged that three other inmates originally charged with violating

5

PAC 108 had their charges downgraded to violating PAC 305.[5] The District Court properly rejected this claim.

The Equal Protection Clause requires that all people similarly situated be treated alike. See City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). "To bring a successful claim . . . for a denial of equal protection, [a] plaintiff[] must prove the existence of purposeful discrimination." Chambers ex rel. Chambers v. Sch. Dist. of Phila. Bd. of Educ., 587 F.3d 176, 196 (3d Cir. 2009). This requires Hall to demonstrate that he received different treatment from that received by other individuals similarly situated. See id. at 196-97. Although Hall claimed that there were three inmates that received a lesser sanction for the same disciplinary infraction, he failed to show that the three inmates were otherwise similarly situated. Moreover, Hall admitted to the offense and was sanctioned in conformity with the regulation. Hall therefore fails to show that his sanction was motivated with a discriminatory purpose. Accordingly, his equal protection claim fails.

For the foregoing reasons, we will affirm the District Court's judgment.

---

[5] In his notice of appeal, Hall explains he was treated differently than the three inmates who had their charges downgraded because the three inmates are Caucasian and he is African-American. We cannot consider this argument because it was not initially presented to the District Court. See Lloyd v. HOVENSA, LLC, 369 F.3d 263, 272-73 (3d Cir. 2004) (citations omitted).