CLD-140                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4635
_____

DAVID RYAN,
                            Appellant

v.

WILLIAM SCISM

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-10-01913)
District Judge:  Honorable Richard P. Conaboy

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 15, 2012
Before:  RENDELL, HARDIMAN AND VAN ANTWERPEN, Circuit Judges

(Opinion filed: April 04, 2012)
_____

OPINION
_____

PER CURIAM

        David Ryan, a prisoner at the Federal Correctional Institution ("FCI") Allenwood,

appeals pro se from an order denying his petition for writ of habeas corpus under 28

U.S.C. § 2241.  Because no substantial question is presented by this appeal, we will

summarily affirm the order of the District Court.  See 3d Cir. LAR 27.4; I.O.P 10.6.

I.    Background

In June 2010, while Ryan was incarcerated at FCI Fort Dix, Ryan was found in possession, among other things, of a cellular phone. A prison incident report was subsequently issued, and Ryan was charged with possession of a hazardous tool, a tool "likely to be used in an escape or escape attempt, . . . or hazardous to institutional security," in violation of the Federal Bureau of Prisons ("BOP") Prohibited Acts Code ("PAC") 108. See 28 C.F.R. § 541.13 tbl. 3 (2010).[1] A disciplinary hearing was held. Based on the incident report, the disciplinary hearing officer ("DHO") found Ryan guilty and imposed sanctions that consisted of the disallowance of 40 days of good conduct time, forfeiture of 432 days of non-vested good conduct time, 60 days of disciplinary segregation, and loss of phone privileges for 18 months.

In September 2010, Ryan filed in the District Court a habeas petition pursuant to 28 U.S.C. § 2241, alleging that his constitutional rights were violated which resulted in the loss of good conduct time. Ryan claimed that his right to due process was violated because BOP failed to provide him with notice that the punishment for possession of a cellular phone had been increased from a moderate disciplinary severity level to a greatest disciplinary severity level violation and that PAC 108 is void for vagueness. He also claimed that his right to equal protection was violated. Ryan noted that he had yet to exhaust all administrative remedies available, but stated that documents related to the

---

[1] The current version of PAC 108 includes a portable telephone as an example of a hazardous tool. See 28 C.F.R. § 541.3 tbl. 1 (2011).

2

incident were unavailable to him and that he was in transit during the DHO appeal time period. The District Court dismissed Ryan's petition for failure to exhaust administrative remedies, and in the alternative, as meritless. Ryan timely appealed.

II.    Jurisdiction

We have jurisdiction pursuant to 28 U.S.C. § 1291. Ryan properly brought his challenge to the loss of good conduct time under § 2241, see Queen v. Miner, 530 F.3d 253, 254 n.2 (3d Cir. 2008), and he need not obtain a certificate of appealability to proceed with this appeal, see United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc). We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact. Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007). We may affirm the District Court for any reason supported by the record. United States v. Agnew, 407 F.3d 193, 196 (3d Cir. 2005).

III.    Discussion

In dismissing Ryan's habeas petition, it appears that the District Court analyzed his claims as a challenge to the procedures of his disciplinary proceedings. This analysis, however, was a misinterpretation of Ryan's due process claims. Additionally, the District Court failed to address Ryan's equal protection claim. Nevertheless, we affirm the District Court's judgment because the claims raised in Ryan's habeas petition lack merit.[2] See id.

_____

[2] We need not address the exhaustion issue, as we have determined that Ryan's claims lack merit.

A.     Due Process Claims

Ryan argued that his right to due process was violated because he did not receive notice that the penalty for possession of a cellular phone increased from a moderate disciplinary severity level violation under PAC 305[3] to a greatest disciplinary severity level violation under PAC 108.  Ryan noted that a proposal to amend PAC 108 to list possession of a cellular phone as a prohibited act under PAC 108 was not adopted.  Thus, he asserted that BOP's charging him under PAC 108 for possession of a cellular phone was invalid because the penalty increase was not completed through the Administrative Procedures Act ("APA"), and therefore, he did not receive notice of the penalty increase.

This claim lacks merit.  The APA requires that general notice of the proposed regulation be published in the Federal Register and that interested persons be given an opportunity to comment on the proposed regulation.  5 U.S.C. § 553; Chao v. Rothermel, 327 F.3d 223, 227 (3d Cir. 2003).  The APA applies only to legislative rules, rules that impose new duties upon the regulated party.  See Chao, 327 F.3d at 227.  PAC 108, however, is an interpretive rule, and therefore the APA does not apply.  See id. (If the agency is not adding or amending language to the regulation, the rule is interpretive).  BOP acted within its authority in interpreting PAC 108, and Ryan has not shown that BOP's interpretation that the possession of cellular phone is a prohibited act under PAC

---

[3] PAC 305 prohibits the "[p]ossession of anything not authorized for retention or receipt by the inmate, and not issued to him through regular channels."  28 C.F.R. § 541.13 tbl. 3 (2010).

4

108 is plainly erroneous or inconsistent with the regulation. See Chong v. Dist. Dir., Immigration & Naturalization Serv., 264 F.3d 378, 389 (3d Cir. 2001) ("An agency's interpretation of its own regulation is controlling . . . unless it is plainly erroneous or inconsistent with the regulation.").

Ryan also argued that his right to due process was violated because PAC 108 is void for vagueness. A regulation is void for vagueness if it (1) "fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits," or (2) "authorizes or even encourages arbitrary and discriminatory enforcement." Hill v. Colorado, 530 U.S. 703, 732 (2000). We are not persuaded that PAC 108 is unconstitutionally vague. One can readily infer from the language of PAC 108 that a cellular phone would be among those tools hazardous to institutional security and likely to be used in an escape or escape attempt. Accordingly, Ryan's void for vagueness claim lacks merit.

### B.     Equal Protection Claim

Ryan argued that he had been treated differently from other inmates similarly situated in violation of the Equal Protection Clause. He claimed that BOP arbitrarily charged inmates for the possession of a cellular phone under different disciplinary severity levels. For example, Ryan alleged that BOP downgraded the charges of inmates Neagle and Hudson for the possession of a cellular phone, from a greatest disciplinary severity level violation under PAC 108 to a moderate disciplinary severity level violation under PAC 305.

5

The Equal Protection Clause requires that all people similarly situated be treated alike. See City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). A claimant alleging a violation of the right to equal protection has the burden to prove "the existence of purposeful discrimination." McCleskey v. Kemp, 481 U.S. 279, 292 (1987). This requires that Ryan prove that he received different treatment from that received by other individuals similarly situated and that BOP acted with discriminatory purpose. Id.; Chambers ex rel. Chambers v. Sch. Dist. of Phila. Bd. of Educ., 587 F.3d 176, 196 (3d Cir. 2009). Although Ryan alleged that inmates Hudson and Neagle received a lesser sanction than he for the same prohibited act, he failed to offer evidence that Hudson and Neagle were similarly situated to him.[4] Moreover, Ryan was sanctioned in conformity with the regulation. Accordingly, his equal protection claim fails.

For the foregoing reasons, we will affirm the District Court's judgment.

---

[4] In his opposition to summary action, Ryan explains that Hudson and Neagle are also inmates at Fort Dix. He alleges that he was treated differently because Hudson and Neagle are Caucasian and he is African-American. These sparse and conclusory allegations, however, still fail to establish the purposeful discrimination necessary to make out an equal protection claim.