CLD-085                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2401
_____

ELLIOT K. ANDERSON,
                                        Appellant

v.

WARDEN BLEDSOE
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-12-cv-00156)
District Judge:  Honorable John E. Jones III
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 10, 2013

Before:  RENDELL, JORDAN and GARTH, <u>Circuit Judges</u>

(Opinion filed: January 25, 2013)
_____

OPINION OF THE COURT
_____

PER CURIAM

        Elliot K. Anderson, a federal prisoner proceeding pro se, appeals from the District

Court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

We will summarily affirm.

On July 6, 2011, Anderson received an incident report (No. 2182608) after making certain statements to an officer who ordered him to submit to hand restraints before being escorted back to the Special Housing Unit ("SHU"). According to the report, Anderson repeatedly used expletives while addressing the officer and refused to comply with his orders. (Dkt. No. 12-1, p. 30.) Anderson was charged with three code violations, including Refusing a Program Assignment (Code 306), Insolence Towards a Staff Member (Code 312), and Refusing to Obey an Order of a Staff Member (Code 307). (Id.)

Anderson was given a Notice of Discipline Hearing on July 12, 2011. (Id. p. 32.) The Unit Discipline Committee ("UDC") referred the charges to a disciplinary hearing officer ("DHO"). The hearing took place before the DHO on July 18, 2011. Anderson appeared at the hearing and denied the charges, claiming that they were "retaliation." (Id. p. 33.) He then became hostile and was escorted from the room. (Id.) Though Anderson chose not to present witnesses, he did request staff representation, and Counselor Gambone appeared on his behalf. (Id. p. 32.) Gambone stated that there were "no discrepancies in the discipline process" and that he received all documentation in reference to Anderson's case. (Id.) Gambone also noted that he met with Anderson prior to the hearing and that Anderson had no comment for the record. (Id.)

The DHO recognized a potential procedural issue with respect to Anderson's contention that the hearing was untimely; that is, because Anderson was "in ambulatory

restraints" the "hearing was conducted on [the] 4th day" instead of the third work day following the date of the incident report, as suggested by Program Statement ("P.S.") 5270.80. (Dkt. No. 12-1, p. 30, 33.) The DHO concluded that Anderson's timeliness challenge was not a basis for dismissing the charges, as the delay did not hinder his right to due process, his ability to defend himself, or prejudice his defense. (Id. at 33.)

The DHO found that Anderson violated Codes 307 and 312, but expunged the charge related to Code 306. Specifically, the DHO relied on the eyewitness account set forth in the incident report and considered, but gave "little weight" to, Anderson's statement denying the charges. (Id. p. 34.) Anderson received sanctions for both violations, including the loss of vested and non-vested good conduct time. (Id. p. 35.)

On January 26, 2012, Anderson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that his due process rights were violated during the course of the disciplinary proceedings. The District Court denied the § 2241 petition on April 24, 2012. (Dkt. No. 13.) Anderson timely filed a notice of appeal.[1]

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. A challenge to a disciplinary action resulting in the loss of good conduct time is properly brought pursuant to § 2241, "as the action could affect the duration of the petitioner's sentence." Queen v. Miner,

---

[1] Anderson's notice of appeal was followed by a motion for post-judgment relief. The District Court denied that motion on October 25, 2012. (Dkt. No. 25.) Anderson has not appealed that decision.

530 F.3d 253, 254 n.2 (3d Cir. 2008). We review the denial of habeas corpus relief de novo, exercising plenary review over the District Court's legal conclusions and applying a clearly erroneous standard to its findings of fact. Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007). We may summarily affirm the decision of the District Court if no substantial question is presented on appeal. 3d Cir. LAR 27.4 and I.O.P. 10.6.

A prisoner has a liberty interest in good time credits. Vega, 493 F.3d at 317 n.4. Thus, when a disciplinary hearing may result in the loss of those credits, an inmate must receive (1) written notice of the charges at least twenty-four hours prior to any hearing, (2) an opportunity to call witnesses and present evidence in his defense, and (3) a written statement of the evidence relied on and the reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 564-66 (1974). The Supreme Court has held that "revocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary board are supported by some evidence in the record." Superintendent v. Hill, 472 U.S. 445, 454 (1985) (internal quotation marks and citation omitted). The Hill standard is minimal and does not require examination of the entire record, an independent assessment of the credibility of witnesses, or even a weighing of the evidence. See Thompson v. Owens, 889 F.2d 500, 502 (3d Cir. 1989). The relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached by the disciplinary board." See Hill, 472 U.S. at 455-56.

Upon review of the record, we agree with the District Court that Anderson was afforded all the process he was due during the disciplinary proceedings. He received

4

written notice of the disciplinary charges at least twenty-four hours prior to the hearing; he appeared at the hearing and made a statement refuting the charges; he was given an opportunity to present witnesses and provide documentary evidence (though he chose not to do so); he was represented by Counselor Gambone; and he was given a written statement explaining the DHO's decision. See Wolff, 418 U.S. at 564-66. Further, there was some evidence to support the DHO's decision, in particular, the eyewitness account contained in the incident report.[2] Hill, 472 U.S. at 454.

Anderson also argued that the DHO ignored the fact that his hearing was untimely. The record, however, reflects that the DHO considered Anderson's procedural challenge and determined that it was not a basis for dismissing the charges. (Dkt. No. 12-1, p. 34.) We agree with the District Court that Anderson's due process rights were not violated by the one-day delay, particularly because the three-work-day time period set forth in P.S. 5270.80 is a guideline, not a requirement. (Dkt. No. 13, p. 12.) We also agree with the District Court's conclusions that the DHO imposed appropriate sanctions (id. p. 13) and that the DHO did not violate Anderson's right to due process by failing to recognize an alleged conflict of interest with Gambone (id. p. 14).

## III.

The District Court correctly determined that Anderson was afforded the requisite due process during the disciplinary proceedings. We conclude that no substantial

---

[2] The DHO explained, and the record reflects, that his decision was based on the "greater weight of the evidence." (Dkt. No. 12-1, p. 34.)

question is presented by this appeal, and, accordingly, will summarily affirm the District Court's judgment denying Anderson's § 2241 petition.   3d Cir. LAR 27.4 and I.O.P. 10.6.