CLD-084                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2400
_____

ELLIOT K. ANDERSON,
Appellant

v.

WARDEN BLEDSOE
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-12-cv-00155)
District Judge:  Honorable John E. Jones III
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 10, 2013

Before:  RENDELL, JORDAN and GARTH, Circuit Judges

(Opinion filed: January 25, 2013)
_____

OPINION OF THE COURT
_____

PER CURIAM

        Elliot K. Anderson, a federal prisoner proceeding pro se, appeals from the District

Court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

We will summarily affirm.

On July 7, 2011, Anderson received an incident report (No. 2183350) after making certain statements to an officer who was conducting his two-hour restraint check. According to the report, Anderson said that if he was "let out of [his] chains" he was going to kill himself "and a staff member." (Dkt. No. 12-1, p. 7.) After using expletives while threatening the warden, Anderson attempted to spit on the officer as he exited his cell. (Id.) Anderson was charged with Assaulting Any Person and Threatening Another Person with Bodily Harm or any Other Offense, in violation of Codes 224 and 203, respectively. (Id. p. 10.)

Anderson received a copy of the incident report on July 8, 2011, and was given a Notice of Discipline Hearing on July 12, 2011. (Id. p. 9.) The hearing took place before a disciplinary hearing officer ("DHO") on July 18, 2011. Though Anderson chose not to appear at the hearing or to present witnesses, he did request staff representation, and Counselor Gambone appeared on his behalf. The DHO report indicated that Counselor Gambone appeared on Anderson's behalf. (Id. p. 10.) Gambone met with Anderson prior to the hearing and reviewed what Anderson claimed was a video of the incident; however, Gambone determined that the video was inconclusive. He also noted that there were "no discrepancies in the discipline process" and that he received all documentation in reference to Anderson's case. (Id.)

The DHO found that Anderson committed the acts as charged, relying on the eyewitness account set forth in the incident report and the lack of any exculpatory

evidence presented on his behalf. (Id. pp. 11-12.) Anderson received sanctions for both charges, including the loss of vested and non-vested good conduct time. (Id. p. 12.)

On January 26, 2012, Anderson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that his due process rights were violated during the course of the disciplinary proceedings. The District Court denied the § 2241 petition on April 24, 2012. (Dkt. No. 13.) Anderson timely filed a notice of appeal.[1]

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. A challenge to a disciplinary action resulting in the loss of good conduct time is properly brought pursuant to § 2241, "as the action could affect the duration of the petitioner's sentence." Queen v. Miner, 530 F.3d 253, 254 n.2 (3d Cir. 2008). We review the denial of habeas corpus relief de novo, exercising plenary review over the District Court's legal conclusions and applying a clearly erroneous standard to its findings of fact. Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007). We may summarily affirm the decision of the District Court if no substantial question is presented on appeal. 3d Cir. LAR 27.4 and I.O.P. 10.6.

A prisoner has a liberty interest in good time credits. Vega, 493 F.3d at 317 n.4. Thus, when a disciplinary hearing may result in the loss of those credits, an inmate must receive (1) written notice of the charges at least twenty-four hours prior to any hearing,

---

[1] Anderson's notice of appeal was followed by a motion for post-judgment relief. The District Court denied that motion on October 25, 2012. (Dkt. No. 25.) Anderson has not appealed that decision.

3

(2) an opportunity to call witnesses and present evidence in his defense, and (3) a written statement of the evidence relied on and the reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 564-66 (1974). The Supreme Court has held that "revocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary board are supported by some evidence in the record." Superintendent v. Hill, 472 U.S. 445, 454 (1985) (internal quotation marks and citation omitted). The Hill standard is minimal and does not require examination of the entire record, an independent assessment of the credibility of witnesses, or even a weighing of the evidence. See Thompson v. Owens, 889 F.2d 500, 502 (3d Cir. 1989). The relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached by the disciplinary board." See Hill, 472 U.S. at 455-56.

Upon review of the record, we agree with the District Court that Anderson was afforded all the process he was due during the disciplinary proceedings: he received written notice of the disciplinary charge at least twenty-four hours prior to the hearing; he was given an opportunity to present witnesses and evidence in his defense (though he chose not to do so); he was represented by Gambone; and he was given a written statement explaining the DHO's decision. See Wolff, 418 U.S. at 564-66. Further, there was some evidence to support the DHO's decision, in particular, the eyewitness account contained in the incident report. Hill, 472 U.S. at 454.

Anderson also claimed that the DHO refused to consider the video surveillance tape. (Dkt. No. 10, p. 2.) Yet, Anderson chose not to appear at the hearing and failed to

4

present any exculpatory evidence, including the video.  (Dkt. No. 13, p. 11.)  We agree with the District Court that this claim was meritless.[2]  We also agree with the District Court that the sanctions imposed were appropriate (id. p. 10) and that that the DHO did not violate Anderson's right to due process by failing to recognize an alleged conflict of interest with Gambone (id. p. 11).

III.

The District Court correctly determined that Anderson was afforded the requisite due process during the disciplinary proceedings.  We conclude that no substantial question is presented by this appeal, and, accordingly, will summarily affirm the District Court's judgment denying Anderson's § 2241 petition.   3d Cir. LAR 27.4 and I.O.P. 10.6.

---

[2] In any event, Counselor Gambone reviewed the video and determined that it was inconclusive, stating, "I couldn't tell what was going on."  (Dkt. No. 12-1, p. 10.)