CLD-138                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3841
_____

MELVIN POLLARD,
                                        Appellant
v.

STEVE MERLAK; B. YINGLING; ROBERT WERLINGER; T. MONTGOMERY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3:11-cv-00178)
District Judge:  Honorable Kim R. Gibson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 28, 2013

Before: RENDELL, JORDAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: March 13, 2013)
_____

OPINION
_____

PER CURIAM

        Melvin Pollard, proceeding pro se, appeals from the District Court's order

granting defendants' "Motion to Dismiss or, in the Alternative, Motion for Summary

Judgment" filed in this civil rights action. For the reasons that follow, we will summarily affirm.

I.

Because we write primarily for the parties, we discuss the background of this case only briefly. Pollard is a federal prisoner who was formerly incarcerated at the Federal Correctional Institution in Loretto, Pennsylvania ("FCI-Loretto").[1] In 2011, he initiated this action by filing a complaint in the District Court pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The complaint, brought against four prison officials from FCI-Loretto ("Defendants"), alleged claims under the First, Fifth, and Eighth Amendments to the United States Constitution. The majority of those claims centered around a prison disciplinary proceeding that resulted in Pollard receiving sanctions that included the loss of fifteen days' good conduct time. In light of the alleged constitutional violations, Pollard sought damages, as well as declaratory and injunctive relief.

Defendants ultimately filed a "Motion to Dismiss or, in the Alternative, Motion for Summary Judgment." The United States Magistrate Judge who was assigned to the case subsequently notified the parties that the motion would be treated as a request for summary judgment. After Pollard filed his opposition to that request, the Magistrate Judge issued a 23-page report recommending that the motion be granted. In doing so, the Magistrate Judge concluded that, pursuant to Heck v. Humphrey, 512 U.S. 477 (1994),

2

and its progeny, Pollard's claims relating to the disciplinary proceeding could not be brought in this Bivens action. The Magistrate Judge also concluded that Pollard's remaining claims failed on the merits.

Pollard subsequently filed objections to the Magistrate Judge's report. In August 2012, the District Court adopted the report, granted Defendants' motion, and dismissed the case. This appeal followed.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's judgment. See Gikas v. Wash. Sch. Dist., 328 F.3d 731, 734 (3d Cir. 2003). "A court reviewing a summary judgment motion must evaluate the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." EBC, Inc. v. Clark Bldg. Sys., Inc., 618 F.3d 253, 262 (3d Cir. 2010). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

For substantially the reasons set forth in the Magistrate Judge's thorough and cogent report, we agree with the District Court's decision to grant Defendants' motion.[2] Because this appeal does not present a substantial question, we will summarily affirm the

---

[1] Pollard is currently incarcerated at the Federal Medical Center in Massachusetts.
[2] Because Defendants' motion was treated as a request for summary judgment, not a motion to dismiss, we construe the District Court's "dismiss[al]" of this case as a grant of judgment in favor of Defendants.

District Court's judgment.[3]  See 3d Cir. I.O.P. 10.6.

---

[3] We note that our decision here does not preclude Pollard from challenging his loss of good conduct time in a habeas petition filed pursuant to 28 U.S.C. § 2241.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Queen v. Miner, 530 F.3d 253, 254 n.2 (3d Cir. 2008) (per curiam).  We express no opinion on his likelihood of prevailing under § 2241.