NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2104
_____

JORGE GOMEZ,
                    Appellant

v.

WARDEN ALLENWOOD FCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-20-cv-00455)
District Judge:  Honorable Yvette Kane

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 19, 2020
Before:  MCKEE, SHWARTZ and RESTREPO, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 20, 2021)
_____

OPINION[*]
_____

PER CURIAM

    Jorge Gomez appeals pro se from an order of the District Court dismissing his

petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  We will affirm

the District Court's judgment.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Gomez is a federal prisoner incarcerated at the Medium Federal Correctional Institution in Allenwood, Pennsylvania. On May 5, 2019, there was an incident between Gomez and a corrections officer who was bringing food to his cell. As a result, Gomez was charged with violations of Code 208 (blocking a locking device), Code 224A (attempted assault), Code 312 (insolence), and Code 307 (refusing an order) of the Federal Bureau of Prisons Prohibited Acts Code. See 28 C.F.R. § 541.3. Gomez was provided a copy of the incident report, which included the charges made against him. The matter was investigated and referred to the Unit Discipline Committee, which referred it to the Disciplinary Hearing Officer ("DHO") for further proceedings. See 28 C.F.R. § 541.8.

On May 22, 2019, Gomez appeared before the DHO with a staff representative. He provided written and oral statements denying the charges, and called his cellmate as a witness. See DHO Report, ECF No. 8-1 at 6–7, 10. He provided no other evidence. Id. at 6 (stating that "no documentary evidence was provided for consideration"). The DHO considered the incident report, memoranda from various officers who witnessed the event, and notes and photographs taken during the investigation. Id. at 7. The DHO found the charges of Codes 208 and 224A to be supported by the greater weight of the evidence, and sanctioned Gomez with, among other things, loss of 54 days' good conduct time. Id. at 8. These details were recorded in a written report.

After his administrative appeals were denied, Gomez filed a § 2241 petition claiming that he was denied due process because the DHO's decision was based on the

2

reporting officer's allegedly false information, and because the DHO declined to review surveillance footage of the incident. The District Court determined that Gomez's due process claims were meritless and denied his petition.

Gomez now appeals from the District Court's order.

## II.

We have jurisdiction under 28 U.S.C. § 1291. Section 2241 is the appropriate vehicle for constitutional claims when a prison disciplinary proceeding results in the loss of good time credits. Queen v. Miner, 530 F.3d 253, 254 n.2 (3d Cir. 2008). We exercise plenary review over the District Court's legal conclusions, but we review factual findings for clear error. Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).

## III.

"[A] prisoner has a constitutionally protected liberty interest in good time credit." Young v. Kann, 926 F.2d 1396, 1399 (3d Cir. 1991). Thus, an inmate facing the loss of good conduct time in a disciplinary proceeding is entitled to certain procedural protections. Wolff v. McDonnell, 418 U.S. 539, 557 (1974). The minimum required protections are: "(1) advance written notice of the disciplinary charges; (2) an opportunity . . . to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." Superintendent v. Hill, 472 U.S. 445, 454 (1985). The DHO's findings must be supported by "some evidence in the record." Id.

On appeal, Gomez argues that his due process rights were violated because (1) the DHO failed to consider his allegation that, contrary to the reporting officer's version of

3

events, Gomez had acted in self-defense; and (2) the DHO declined to review surveillance footage of the incident.[1]  Neither argument is availing.

Gomez's claim that the DHO failed to consider his allegation that the reporting officer lied is unsupported by the record, as the DHO did, in fact, consider Gomez's written statement, which included his allegation that the officer provided false information.  See DHO Report, ECF No. 8-1 at 6 (noting that Gomez provided a written statement) and 8 (explaining that, upon review of the evidence, the DHO believed the reporting officer to be credible).  Gomez offered no support for his contention that the officer provided a sworn statement admitting that he lied, see § 2241 Pet. at 7–8, and his mere allegation is insufficient to establish a due process violation, see Smith v. Mensinger, 293 F.3d 641, 653–54 (3d Cir. 2002) (concluding that "so long as certain procedural requirements are satisfied, mere allegations of falsified evidence or misconduct reports, without more, are not enough to state a due process claim").

Nor are we persuaded by Gomez's argument that he was denied due process by the DHO's refusal to review surveillance footage.  Gomez claimed that he requested and was denied access to video footage from the date and time of the incident.  See Traverse, ECF No. 9 at 1–3.  But nothing in the record suggests that he asked to see the footage before or during the DHO hearing.  Cf. Burns v. Pa. Dep't of Corr., 642 F.3d 163, 168–69 (3d Cir. 2011), (noting that the petitioner requested that video footage be made available both

---

[1] Gomez first raised the video evidence issue in opposition to the Government's response to his § 2241 petition.  See Traverse, ECF No. 9 at 1–3.  However, the District Court addressed the issue in its dismissal of his petition, see Mem., ECF No. 10 at 7, and both Gomez and the Government address the issue on appeal.

4

before and during his DHO hearing); <u>Howard v. U.S. Bureau of Prisons</u>, 487 F.3d 808, 813 n.3 (10th Cir. 2007) (observing that the record provided "strong inferential support" that the petitioner requested that the DHO review video evidence).  In fact, Gomez concedes that he did not request that the video footage be reviewed until *after* the hearing, on administrative appeal, as a basis for remanding the case to the DHO.[2]  <u>See</u> Reply Br. at 1–2.  Accordingly, there is no factual basis for this claim.

For the above reasons, we will affirm the judgment of the District Court.

---

[2] To the extent that Gomez claims that the Regional and Central Bureau of Prison Offices violated his due process rights in declining to remand his case to the DHO, he failed to present that claim to the District Court.  We typically will not consider claims raised for the first time on appeal, <u>see, e.g.</u>, <u>Jenkins v. Superintendent of Laurel Highlands</u>, 705 F.3d 80, 89 n.12 (3d Cir. 2013), and, in any event, Gomez forfeited this issue because he did not raise it in his opening brief, <u>see In re Wettach</u>, 811 F.3d 99, 115 (3d Cir. 2016).