CLD-086                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2402
_____

ELLIOT K. ANDERSON,
                                        Appellant

v.

WARDEN BLEDSOE
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-12-cv-00157)
District Judge:  Honorable John E. Jones III
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 10, 2013

Before:  RENDELL, JORDAN and GARTH, Circuit Judges

(Opinion filed : January 25, 2013)
_____

OPINION OF THE COURT
_____

PER CURIAM

        Elliot K. Anderson, a federal prisoner proceeding pro se, appeals from the District

Court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

We will summarily affirm.

I.

On April 8, 2011, while confined at the United States Penitentiary ("USP") Florence in Colorado, Anderson received an incident report (No. 2148387) after refusing to obey an officer's order to submit to hand restraints. According to the report, Anderson became "extremely aggressive" and tried to push off the officer's shield. (Dkt. No. 12-1, p. 53.) As the officer applied a martin chain around Anderson's waist, Anderson grabbed the officer's hand and, after being ordered to release it, addressed the officer using expletives and threatened to spit on him. (Id.) Anderson was charged with two violations: Insolence Towards a Staff Member (Code 312) and Assaulting Any Person (Code 224).

Anderson received a copy of the incident report on April 9, 2011, and received a Notice of Discipline Hearing two days later, at which time he was advised of his rights. (Id. p. 54.) Anderson "displayed a cooperative attitude" but denied that he assaulted the officer. He did not provide written documentation, though he elected to have a staff representative, and Case Manager Coordinator Rigol appeared on his behalf. He also requested Lieutenant Martin as a witness to testify that the officers "rushed in on" him. (Id. p. 55.)

A hearing took place before a Disciplinary Hearing Officer ("DHO") on July 21, 2011.[1] Anderson appeared and stated that he pushed the officer's shield and accepted

---

[1] The delay of approximately three months was due to Anderson's being transferred from USP Florence to USP Canaan in Pennsylvania. (Dkt. No. 12-1, p. 59.)

responsibility for that action. (Id. at 57.) However, he denied grabbing the officer's hand and threatening to spit on him. (Id.) Lieutenant Martin was not called as a witness because he provided a written statement for the record and his purported testimony that the officers rushed in on Anderson "would not bear any exculpatory value." (Id.) The DHO also considered several pieces of documentary evidence, including Lieutenant Martin's memorandum describing the incident, other staff memoranda, and staff injury assessment reports. (Id. p. 58.)

The DHO found that Anderson committed the acts as charged, relying on the eyewitness account set forth in the incident report and several staff memoranda describing the April 8, 2011 incident, including Lieutenant Martin's. (Id. p. 59.) The DHO gave "little weight" to Anderson's statement admitting to pushing the shield as it failed to "exculpate him." (Id.) Anderson received sanctions for both charges, including the loss of vested and non-vested good conduct time. (Id. p. 60.)

On January 26, 2012, Anderson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that his due process rights were violated during the course of the disciplinary proceedings. The District Court denied the § 2241 petition on April 24, 2012. (Dkt. No. 13.) Anderson timely filed a notice of appeal.[2]

---

[2] Anderson's notice of appeal was followed by a motion for post-judgment relief. The District Court denied that motion on October 25, 2012. (Dkt. No. 25.) Anderson has not appealed that decision.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. A challenge to a disciplinary action resulting in the loss of good conduct time is properly brought pursuant to § 2241, "as the action could affect the duration of the petitioner's sentence." Queen v. Miner, 530 F.3d 253, 254 n.2 (3d Cir. 2008). We review the denial of habeas corpus relief de novo, exercising plenary review over the District Court's legal conclusions and applying a clearly erroneous standard to its findings of fact. Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007). We may summarily affirm the decision of the District Court if no substantial question is presented on appeal. 3d Cir. LAR 27.4 and I.O.P. 10.6.

A prisoner has a liberty interest in good time credits. Vega, 493 F.3d at 317 n.4. Thus, when a disciplinary hearing may result in the loss of those credits, an inmate must receive (1) written notice of the charges at least twenty-four hours prior to any hearing, (2) an opportunity to call witnesses and present evidence in his defense, and (3) a written statement of the evidence relied on and the reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 564-66 (1974). The Supreme Court has held that "revocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary board are supported by some evidence in the record." Superintendent v. Hill, 472 U.S. 445, 454 (1985) (internal quotation marks and citation omitted). The Hill standard is minimal and does not require examination of the entire record, an independent assessment of the credibility of witnesses, or even a weighing of the evidence. See Thompson v. Owens, 889 F.2d 500, 502 (3d Cir. 1989).

4

The relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached by the disciplinary board." See Hill, 472 U.S. at 455-56.

Upon review of the record, we agree with the District Court that Anderson was afforded all the process he was due during the disciplinary proceedings. He received written notice of the disciplinary charges at least twenty-four hours before the hearing; he appeared at the hearing and made a statement admitting that he pushed the officer and denying the remaining charges; he was given an opportunity to provide documentary evidence (though he chose not to do so); he was represented by Mr. Rigol; and he was given a written statement explaining the DHO's decision. See Wolff, 418 U.S. at 564-66. Though Lieutenant Martin, the witness he requested, was not called, the DHO relied on Martin's written statement and explained that his testimony would not have exculpatory value. (Dkt. No. 12-1, p. 59.) Further, there was some evidence to support the DHO's decision, in particular, the eyewitness account contained in the incident report and the several staff memoranda describing the incident.[3] Hill, 472 U.S. at 454.

Anderson also argued that his hearing was untimely because it did not occur within three working days of the incident, as suggested by Program Statement ("P.S.") 5270.08. As the DHO recognized, the delay in conducting the hearing was caused by Anderson's transfer from USP Florence to USP Canaan. Regardless, Anderson received notice of the charges the day after the incident and a Unit Discipline Committee hearing

---

[3] The DHO explained, and the record reflects, that his decision was based on the "greater weight of the evidence." (Dkt. No. 12-1, p. 59.)

was conducted at USP Florence three days after the incident.  (Dkt. No. 12-1, p. 59.)  We agree with the District Court that Anderson's due process rights were not violated by the timing of the DHO hearing, especially because P.S. 5270.08 is a guideline, not a requirement.  (Dkt. No. 13, p. 13.)  Additionally, as previously discussed, the record reflects that he was afforded all the process he was due while at USP Florence and USP Canaan.  We also agree with the District Court that Anderson's contention that he was not permitted to call witnesses was meritless, as was his claim that the sanctions imposed were grossly disproportionate to the offense.  (Id. pp. 14-15.)

III.

The District Court correctly determined that Anderson was afforded the requisite due process during the disciplinary proceedings.  We conclude that no substantial question is presented by this appeal, and, accordingly, will summarily affirm the District Court's judgment denying Anderson's § 2241 petition.   3d Cir. LAR 27.4 and I.O.P. 10.6.