DLD-032                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2643
_____

ALAN B. FABIAN,
                              Appellant

v.

WARDEN LEWISBURG USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-13-cv-00434)
District Judge:  Honorable Yvette Kane
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 14, 2014
Before:  FISHER, SHWARTZ and SLOVITER, Circuit Judges

(Filed: January 6, 2015)
_____

OPINION*
_____

PER CURIAM

        Pro se appellant Alan Fabian, a federal prisoner currently confined at USP-

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Lewisburg, appeals from an order of the United States District Court for the Middle District of Pennsylvania dismissing his petition for habeas corpus under 28 U.S.C. § 2241. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and we exercise plenary review over the District Court's legal conclusions and review its factual findings for clear error. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). For the reasons set forth below, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In May 2008, Fabian pleaded guilty in the District of Maryland to mail fraud in violation of 18 U.S.C. § 1341 and making and subscribing a false tax return in violation of 26 U.S.C. § 7206(1). The Court sentenced him to 108 months' imprisonment. The charges arose out of what the District Court characterized at sentencing as a "massive fraud," which caused more than $20 million in loss. See D. Md. Cr. A. No. 07-355, dkt. no. 151, at 56. Fabian did not appeal the judgment to the Fourth Circuit.

In 2009, Fabian filed a motion under 28 U.S.C. § 2255 in the District of Maryland. Fabian argued, among many other things, that the government had improperly amended the indictment and that his due-process rights had been violated because the District Court had failed both to compare his plea agreement to the indictment and to assure that there were adequate facts to sustain the guilty plea. Each of these arguments was premised on Fabian's claim that, of the numerous institutions that he admitted to defrauding, two — Key Equipment Finance and Fleet Business Credit — did not qualify as "financial institutions" for purposes of the enhanced sentence in the mail-fraud statute.

2

The District Court denied Fabian's § 2255 motion on the merits, United States v. Fabian, 798 F. Supp. 2d 647, 688 (D. Md. 2011), and the Fourth Circuit refused to issue a certificate of appealability, United States v. Fabian, 461 F. App'x 244, 244-45 (4th Cir. 2012) (per curiam) (non-precedential).

Fabian next applied in the Fourth Circuit for permission to file a second § 2255 motion. In his filing, Fabian alleged that he had discovered new evidence in support of his earlier claims that Key Equipment Finance and Fleet Business Credit were not financial institutions. The Fourth Circuit denied Fabian's request. See 4th Cir. C.A. No. 13-105.

Fabian then filed the petition under § 2241 that is at issue in this appeal. In this petition, Fabian reasserted the improper-amendment and due-process claims that he pressed in his initial § 2255 motion, supporting them with the evidence he presented in his request for permission to file a second § 2255 motion. The District Court dismissed Fabian's petition for lack of jurisdiction, concluding that Fabian's claims could be raised only, if at all, in a § 2255 motion. Fabian then filed a timely notice of appeal.

We agree with the District Court's disposition of this case. "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences[.]" Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). As we have explained, "under the explicit terms of 28 U.S.C. § 2255, unless a § 2255 motion would be 'inadequate or ineffective,' a habeas corpus petition under § 2241 cannot be entertained by the court." Cradle, 290 F.3d at 538 (quoting § 2255(e)).

3

A federal prisoner can seek relief under 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is "inadequate or ineffective" to test the legality of his detention. We have said this occurs "where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his . . . claims." Cradle, 290 F.3d at 538. This exception is extremely narrow and applies in only rare circumstances. See In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997).

Fabian cannot avail himself of the exception in this case. As noted above, he presents the same claims in his § 2241 petition that he previously presented in his § 2255 motion. He may not use a § 2241 petition to relitigate claims that were rejected in § 2255 proceedings. See Queen v. Miner, 530 F.3d 253, 255 (3d Cir. 2008) (per curiam) (holding that § 2241 petitioner could not raise issues that "either had been, or could have been, decided in his previous habeas action"). Moreover, while Fabian contends that he has discovered new evidence concerning those claims, the appropriate vehicle to present that new evidence is a request to file a second or successive § 2255 motion; the fact that the Fourth Circuit concluded that he failed to meet the stringent gatekeeping requirements for filing a second § 2255 motion does not mean that he may now proceed under § 2241. See Okereke, 307 F.3d at 120-21; see also Cradle, 290 F.3d at 538 ("It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."). Thus, the District Court did not err in dismissing Fabian's § 2241 petition.

Accordingly, we will summarily affirm the District Court's judgment.