**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1046
_____

STEVEN A. JOHNSON,
                                        Appellant

v.

WARDEN BIG SANDY USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-16-cv-01044)
District Judge:  Honorable John E. Jones III
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 17, 2017
Before:  MCKEE, JORDAN, and RESTREPO, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 7, 2017)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Steven A. Johnson, a federal prisoner proceeding pro se, appeals from orders of the United States District Court for the Middle District of Pennsylvania rejecting his petition for a writ of habeas corpus, 28 U.S.C. § 2241, and denying his motion for reconsideration. Because this appeal does not present a substantial question, we will summarily affirm the judgment of the District Court.

On January 14, 2012, while Johnson was incarcerated at the Federal Correctional Institution near Milan, Michigan (FCI-Milan), he was issued an incident report charging him with insolence. Johnson was advised of a hearing on the charge, and he waived his right to staff representation. A disciplinary hearing officer (DHO) found Johnson guilty, based in part on Johnson's statement at the hearing that "[he] gave the officer a direct order to suck [his] dick." Doc. No. 11-1 at 27. The DHO sanctioned Johnson with the loss of 14 days of good conduct time and a suspended sentence to time in disciplinary segregation. Johnson did not file an appeal to the Regional Director of the Bureau of Prisons ("BOP").

On March 13, 2012, while Johnson was incarcerated at the United States Penitentiary near Inez, Kentucky (USP-Big Sandy), he was issued an incident report charging him with assault. Johnson was advised of a hearing on the charge, and he waived his right to staff representation. A DHO officer found Johnson guilty of attempted assault, based on Johnson's admission at the hearing that he "tried to spit on a [correctional officer]." Doc. No. 11-1 at 35. The DHO sanctioned Johnson with the loss of 27 days of good conduct time, a 15-day disciplinary segregation sentence, and six

2

months loss of commissary privileges. Johnson did not file an appeal to the Regional Director of the BOP.

In May 2016, Johnson filed a petition under § 2241 alleging that his due process rights were violated in connection with the disciplinary hearings, and seeking restoration of good conduct time.[1] The District Court dismissed the petition, holding that Johnson had failed to exhaust his administrative remedies and that his claim was inexcusably procedurally defaulted. Johnson timely appealed but also filed a timely motion for reconsideration, which the District Court denied. Johnson filed an amended notice of appeal.[2] See Fed. R. App. P. 4(a)(4)(B)(ii).

A § 2241 petition is the appropriate vehicle for raising constitutional claims when a prison disciplinary proceeding results in the loss of good conduct time. See Queen v. Miner, 530 F.3d 253, 254 n.2 (3d Cir. 2008). A federal prisoner must exhaust his administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241. See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Proper exhaustion requires that a petitioner assert an issue or claim at every administrative level. Id. at 761. Pursuant to BOP regulations, a federal prisoner found guilty at a DHO hearing

---

[1] Johnson has been incarcerated, since the time of filing, at the United States Penitentiary in Waymart, PA (USP-Canaan), which is located in the Middle District of Pennsylvania. And though Johnson named the custodian of USP-Big Sandy in Kentucky as the defendant in his petition, the petition was properly brought in the Middle District, which is where his custodian was at the time of filing. See 28 U.S.C. §§ 2242, 2243.

[2] We have jurisdiction pursuant to 28 U.S.C. § 1291.

may appeal the decision to the Regional Director, who must respond within 30 days of the appeal's filing. 28 C.F.R. §§ 542.14(d)(2); 542.18. Following the Regional Director's denial, an inmate may appeal to the General Counsel in the Central Office. § 542.15(a). "Appeal to the General Counsel is the final administrative appeal." Id.

We agree with the District Court that Johnson failed to exhaust his administrative remedies because he did not seek Regional Director or Central Office review. Because the time for seeking any such review has expired, Johnson's claim is procedurally defaulted. Moscato, 98 F.3d at 760. Therefore, judicial review is barred unless he can demonstrate cause and prejudice. Id. at 761-62.

Johnson attempted to make that showing by arguing that both the Regional Director and the Central Office had ignored some of his prior (unrelated) appeals, which shows that no effective administrative remedy exists. But the failure to respond to a previous appeal does not excuse Johnson from exhausting his administrative remedies now. Indeed, the regulations provide that "[i]f the inmate does not receive a response within the time allotted for reply . . . the inmate may consider the absence of a response to be a denial at that level." § 542.18; see also Moscato, 98 F.3d at 762 (concluding that there was no cause for default of administrative remedies where petitioner failed to allege any "external impediment" to filing a timely appeal). Johnson therefore failed to demonstrate cause for his failure to exhaust administrative remedies. Finally, we conclude that the District Court did not abuse its discretion in denying Johnson's motion for reconsideration, wherein he again alleged that the failure to exhaust should be

4

excused by the failure of the Regional Director and the Central Office to respond to his previous appeals.  See Max's Seafood Café v. Quinteros, 176 F.3d 669, 673, 677 (3d Cir. 1999) (describing proper grounds for a motion for reconsideration).

There being no substantial question presented on appeal, we will summarily affirm the judgment of the District Court.  See 3d Cir. LAR 27.4; I.O.P. 10.6.