BLD-365                                                                 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2233
_____

DUJUAN THOMAS,
                                        Appellant

v.

WARDEN FORT DIX FCI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-17-cv-02502)
District Judge:  Honorable Robert B. Kugler
_____

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P.
10.6 and for a Decision on the Issuance of a Certificate of Appealability
September 28, 2017

Before:  AMBRO, GREENAWAY, JR. and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 23, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant DuJuan Thomas, a federal prisoner currently confined in FCI-Fort Dix, appeals from an order of the United States District Court for the District of New Jersey dismissing his petition for habeas corpus under 28 U.S.C. § 2241. For the reasons set forth below, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In 2013, Thomas pleaded guilty in the United States District Court for the Eastern District of Virginia to conspiracy to distribute at least five kilograms of cocaine in violation of 21 U.S.C. § 846. See E.D. Va. No. 13-cr-00135. The District Court concluded that, because Thomas had two prior convictions that qualified as "controlled substance offenses," he was a career offender under the United States Sentencing Guidelines. See U.S.S.G. § 4B1.1. Ultimately, the Court imposed a below-Guidelines sentence of 235 months' imprisonment. Thomas did not appeal.

In December 2014, Thomas filed a motion under 28 U.S.C. § 2255 in the Eastern District of Virginia raising two claims of ineffective assistance of counsel. The District Court denied the motion on the merits. Thomas again did not appeal.

Thomas then filed the petition under § 2241 that is at issue in this appeal.[1] In this petition, he argued that his convictions under Maryland state law for possession with intent to distribute cocaine do not qualify as "controlled substance offenses," and that he therefore should not have been treated as a career offender under the Guidelines. The

---

[1] Venue was proper in the District Court here because Thomas is incarcerated within the District of New Jersey. See Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004).

2

District Court dismissed the petition, concluding that Thomas's claim could be raised only, if at all, in a § 2255 motion. Thomas then filed a timely notice of appeal.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and we exercise plenary review over the District Court's legal conclusions and review its factual findings for clear error. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).[2]

We agree with the District Court's disposition of this case. "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences[.]" Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). As we have explained, "under the explicit terms of 28 U.S.C. § 2255, unless a § 2255 motion would be 'inadequate or ineffective,' a habeas corpus petition under § 2241 cannot be entertained by the court." Cradle, 290 F.3d at 538 (quoting § 2255(e)). "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Id. at 538. This exception is narrow and applies in only rare circumstances. See In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997); see also Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017).

---

[2] While Thomas filed a request for a certificate of appealability (COA), he does not need to obtain a COA to proceed with this appeal. See Bruce v. Warden Lewisburg USP, 868 F.3d 170, 177 (3d Cir. 2017).

Thomas argues that this exception applies here. He relies on Mathis v. United States, 136 S. Ct. 2243 (2016), in which the Supreme Court stressed that, for purposes of applying the categorical (or modified categorical) approach, a statute is divisible only when it sets forth different elements delineating separate crimes, not when it sets forth different means of committing a single crime. See id. at 2253.[3]

However, Thomas does not identify any portion of Maryland's possession-with-intent-to-distribute statute that the sentencing court improperly construed as an element rather than a means, and none is apparent to us. See generally Kyler v. State, 96 A.3d 881, 898 (Md. Ct. Spec. App. 2014) ("Pursuant to the statute, the elements of possession with intent to distribute cocaine or cocaine base include: (1) possession of CDS [controlled dangerous substance]; and (2) circumstances indicating an intent to distribute the CDS."). Nor does Thomas identify any other argument that Mathis or another intervening case has made available to him that he could not have raised in his initial § 2255 motion. Cf. United States v. Washington, 629 F.3d 403, 408 (4th Cir. 2011) (concluding that offense under Maryland law of possession with intent to distribute cocaine qualifies as a serious drug offense under the Armed Career Criminal Act). Therefore, Thomas has not shown that there has been an intervening change in law that

---

[3] We have not determined whether § 2255(e)'s saving clause is available when a defendant seeks to challenge his career-offender designation, see generally United States v. Doe, 810 F.3d 132, 160-61 (3d Cir. 2015), and we need not do so here.

negates his designation as a career offender, and § 2241 relief is not available. See In re Dorsainvil, 119 F.3d at 251.[4]

Accordingly, we will summarily affirm the District Court's judgment. Thomas's request for a COA is denied as unnecessary.

---

[4] In this Court, Thomas argues also that his two Maryland convictions should have been treated under the Sentencing Guidelines as just a single offense. However, he could have raised this argument on appeal or in his initial § 2255 motion, so it does not support his invocation of § 2241. See In re Dorsainvil, 119 F.3d at 251-52; see also Queen v. Miner, 530 F.3d 253, 255 (3d Cir. 2008) (per curiam) (holding that § 2241 petitioner could not raise issues that "either had been, or could have been, decided in his previous habeas action").