BLD-068                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1848
_____

LENNY CAIN,
                              Appellant

v.

BUREAU OF PRISONS; WARDEN
ALLENWOOD FCI; DHO BITTENBENDER

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-17-cv-00105)
District Judge:  Honorable William J. Nealon, Junior

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 10, 2019

Before:  AMBRO, KRAUSE and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  January 18, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Lenny Cain appeals from the order of the United States District Court for the

Middle District of Pennsylvania rejecting his petition for a writ of habeas corpus filed

pursuant to 28 U.S.C. § 2241. We will summarily affirm the District Court's judgment.

Because the District Court's memorandum provides a detailed narrative of the

factual and procedural background, we present a summary only. Cain is an inmate of the

Federal Correctional Institution-Allenwood. In his habeas petition, he alleged due

process violations arising from prison disciplinary proceedings concerning two incident

reports. Both reports stem from the same incident but involve two different charges, two

different hearing officers, and separate administrative appeals. The first incident report,

dated July 26, 2015, described a fight that occurred that evening involving Cain and two

other inmates. The report stated that one of the other inmates used a swinging style

weapon during the fight, and the weapon (a lock inside a sock) was found in the other

inmate's bed after a cell search. Cain was charged with Fighting. In August 2015, Cain

appeared before a disciplinary hearing officer ("DHO") and was found guilty of Fighting.

He was sanctioned to loss of forty-one days of good conduct time and loss of telephone

and visiting privileges for eighteen months. The Bureau of Prisons ("BOP") Regional

Office rejected Cain's administrative appeal as untimely.[1]

In September 2015, following investigation of the fight, Cain received a new

report, Incident Report No. 2761143, concerning the same July 26, 2015 fight. Cain was

---

[1] The Regional Office directed Cain to re-file if he could document reasons for the untimeliness, but there is no record that Cain re-filed his appeal.

charged with Possession of a Weapon. The report stated that the Institutional Camera System was reviewed, and Cain was identified as using a swinging weapon--a lock in a sock--to strike one of the other inmates in the fight. Cain appeared at a disciplinary hearing, and DHO K. Bittenbender found Cain guilty of the new charge. The DHO sanctioned Cain to forty-one days loss of good conduct time, sixty days of disciplinary segregation, forfeiture of 100 days non-vested good conduct time, and eighteen months loss of telephone and visiting privileges. Cain appealed to the Regional Director, who partially granted the appeal. Noting Cain's challenge to the timing of the new incident report and the sanctions imposed, and citing questions concerning the disciplinary process, the Regional Director remanded the action for further review and rehearing.

Cain appeared for the remand rehearing on February 24, 2016. The DHO sustained the original sanctions. On Cain's appeal, the Regional Director again remanded, noting the absence of documentation that Cain was given a fresh opportunity to call witnesses. The Regional Director also noted the DHO's failure to address the concerns from the prior remand relating to the delay concerning the new Possession of a Weapon charge, when both incident reports related to the same fight and relied on the same video evidence. The Regional Director issued remand instructions concerning the rewriting of the incident report and concerning a new DHO hearing.

In April 2016, Incident Report No. 2761143 was rewritten to note that review of the video during the course of investigation revealed that both Cain and another inmate used swinging type weapons during the fight. On June 29, 2016, Cain appeared before

3

the DHO for a new hearing on the rewritten incident report. The DHO again sustained the original sanctions. Cain appealed to the Regional Director. On August 16, 2016, the Regional Director denied Cain's appeal, concluding that the DHO reasonably determined that Cain had committed the prohibited act, that Cain's due process arguments were without merit, and that the sanctions imposed were not disproportionate to his misconduct. The Regional Director advised Cain of the thirty-day period to appeal to the BOP Central Office General Counsel. Cain did not file an appeal of the Regional Director's August 16, 2016 decision to the General Counsel.

In January 2017, Cain filed his § 2241 habeas petition, alleging the inadequacy of the administrative remedy for challenging DHO sanctions. He also challenged the constitutionality of DHO Bittenbender's actions concerning the rehearing process and in imposing sanctions. Cain sought to have the incident reports expunged and his good conduct time restored. The Respondents responded to the habeas petition, arguing that the petition should be dismissed because Cain failed to exhaust his administrative remedies. Cain filed a reply. District Court dismissed the petition, holding that Cain had failed to exhaust his administrative remedies and that he had not shown that exhaustion should be excused. This appeal followed.[2] We have jurisdiction pursuant to 28 U.S.C. § 1291.

---

[2] Cain also filed a timely motion for reconsideration, which the District Court denied. However, Cain did not file a separate notice of appeal or an amended notice of appeal concerning the order denying his post-judgment motion. See Fed. R. App. P. 4(a)(4)(B)(ii). The scope of this appeal is thus limited to the District Court's dismissal

A § 2241 petition is the appropriate vehicle for raising constitutional claims when a prison disciplinary proceeding results in the loss of good conduct time. See Queen v. Miner, 530 F.3d 253, 254 n.2 (3d Cir. 2008). A federal prisoner must exhaust his administrative remedies before pursuing relief under § 2241. See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Under the BOP's administrative remedy program, a federal prisoner found guilty at a DHO hearing may appeal the decision to the Regional Director. 28 C.F.R. §§ 542.14(d)(2). Following the Regional Director's denial, an inmate has thirty days to file an appeal to the General Counsel, which is the "final administrative appeal." 28 C.F.R. § 542.15(a).

Upon review of the record, we agree with the District Court that Cain failed to exhaust his administrative remedies, because he did not seek General Counsel review of the Regional Director's August 16, 2016 decision. Because the time for filing a Central Office appeal has expired, Cain's habeas claims are procedurally defaulted. See Moscato, 98 F.3d at 760. Ordinarily, Cain would have to meet the "cause and prejudice" standard for failing to exhaust his administrative remedies to obtain consideration of his § 2241 habeas claims in federal court. See Moscato, 98 F.3d at 761-62. However, Cain maintains in his argument on appeal (as he did in his argument to the District Court in reply to the respondent) that no failure of administrative exhaustion occurred because he did file an appeal, on June 7, 2016, to the General Counsel. See Appellant's Argument in Support of Appeal at 2. Cain argues that the BOP itself obstructed the administrative

of Cain's § 2241 habeas petition.

5

process because it failed to respond to his June 7, 2016 appeal until February 24, 2017. See id. Cain's argument is without merit. The timing of the Central Office's response to Cain's June 7, 2016 appeal has no bearing on the exhaustion of remedies concerning the Regional Director's *later* decision, on August 16, 2016, upholding the DHO's finding of guilt and imposition of sanctions, after a hearing held on June 29, 2016.

There being no substantial question presented on appeal, we will summarily affirm the judgment of the District Court. See 3d Cir. LAR 27.4; I.O.P. 10.6.