**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3035
_____

ALBERTO CONCEPCION,
Appellant

v.

WARDEN ALLENWOOD FCI; WARDEN FORT DIX FCI; FEDERAL BUREAU OF
PRISONS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:17-cv-02171)
District Judge: Honorable James M. Munley
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 28, 2019

Before: KRAUSE, SCIRICA and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 6, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Alberto Concepcion appeals the District Court's order denying his petition under 28 U.S.C. § 2241. For the reasons detailed below, we will affirm the District Court's judgment.

During a search of Concepcion's cell, prison guards found a cell phone and a switchblade. As punishment, a hearing officer sanctioned Concepcion to a loss of 80 days of good conduct time. Concepcion appealed to the Regional Office, which rejected his appeal because it lacked certain required pages. The Regional Office informed Concepcion that he could re-file his appeal in the proper form within ten days of the date of the order, July 21, 2017. Concepcion re-filed on August 11, 2017, and the Regional Office denied the appeal as untimely. Concepcion took no further administrative appeal.

Instead, he filed a § 2241 petition in the District Court. He alleged that the contraband did not belong to him and that there had been various procedural problems with his disciplinary hearing. In response, the Government argued that Concepcion had not exhausted his administrative remedies. The District Court agreed with the Government and denied Concepcion's petition. Concepcion filed a timely notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the District Court's legal conclusions and review its factual findings for clear error. See Denny v. Schultz, 708 F.3d 140, 143 (3d Cir. 2013). A challenge to the execution of a sentence, including the sanction of loss of good conduct time, is

2

properly brought by a federal prisoner under § 2241. See Queen v. Miner, 530 F.3d 253, 254 n.2 (3d Cir. 2008) (per curiam).

We agree with the District Court's analysis of this case. A federal prisoner must exhaust his administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241. See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Proper exhaustion requires that a prisoner present his claim at every administrative level. See generally id. at 761. The relevant regulations provide that an appeal from a hearing officer's decision should be taken to the Regional Director. 28 C.F.R. § 542.14(d)(2). If the prisoner is not satisfied with the Regional Director's decision, he can appeal to the General Counsel, which "is the final administrative appeal." Id. at § 542.15(a).

Here, as the District Court explained, Concepcion failed to take an appeal to the General Counsel, and therefore did not exhaust his administrative remedies. See Moscato, 98 F.3d at 760 (prisoner who did not file a timely appeal to the General Counsel had procedurally defaulted his claim). Because the time for seeking such review has expired, Concepcion's claim is procedurally defaulted. Id. Therefore, judicial review is barred unless he can demonstrate cause and prejudice. Id. at 761-62

Concepcion argues that his failure to exhaust should be excused because the Regional Director wrongly found his appeal untimely. However, he could have raised that argument in an appeal to the General Counsel. See generally id. (explaining that one of the reasons for requiring exhaustion is that "providing agencies the opportunity to

3

correct their own errors fosters administrative autonomy"). Likewise, the Regional Director's alleged failure to respond to his appeal did not prevent Concepcion from seeking further review; the regulations specifically provide that "[i]f the inmate does not receive a response within the time allotted for reply . . . the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.[1]

Accordingly, we will affirm the District Court's judgment.

---

[1] The Regional Director is required to respond to an appeal within 30 calendar days, although that time can be extended an additional 30 days. 28 C.F.R. § 542.18.