**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2448
_____

ROBERT ANDRE RUFF,
                                        Appellant

v.

WARDEN SCHUYLKILL FCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil Action No. 1:22-cv-01032)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 12, 2023

Before:  HARDIMAN, MONTGOMERY-REEVES, and NYGAARD, Circuit Judges

(Opinion filed: October 19, 2023)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**PER CURIAM**

Robert Andre Ruff appeals from the District Court's order dismissing his habeas petition for lack of jurisdiction. For the reasons that follow, we will summarily affirm.

Ruff, a federal prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Ruff sought to challenge a disciplinary proceeding charging him with various Bureau of Prisons code violations in connection with a September 12, 2021, fire in his cell. Ruff was advised of his rights before a Disciplinary Hearing Officer ("DHO"), and subsequently admitted to the charges. The DHO issued a written report, sanctioning Ruff to 40 days of disciplinary segregation, the loss of telephone, visitation, and email privileges for varying amounts of time, and monetary restitution. See D.Ct. ECF No. 13-1 at 9-10, 35-38. Ruff was not sanctioned with any loss of good conduct time.

The DHO report also indicated that Ruff was provided with a copy of the incident report in advance of the hearing. Ruff disputes this assertion. In his § 2241 petition, Ruff alleged that he was denied due process because he did not receive a copy of the incident report as claimed. As relief, Ruff requested that the incident report be removed from his file. See D.Ct. ECF No. 1 at 6-7.

The District Court dismissed the petition without prejudice for lack of subject matter jurisdiction. It concluded that, because Ruff was not sanctioned with the loss of

2

good conduct time, his petition "does not affect the duration of his sentence and, thus, is not cognizable in a Section 2241 habeas corpus petition." D.Ct. ECF No. 15 at 7.

Ruff filed a notice of appeal. The parties were notified that this appeal would be considered for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) or possible summary action pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6. Ruff responded to that notification, requesting "a review of the camera to show that [he] was never serve[d]" with the incident report, which he asserts was a violation of his rights. 3d Cir. ECF No. 8 at 1.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's legal conclusions. Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). We will summarily affirm the District Court's order dismissing Ruff's habeas petition because no substantial question is presented by this appeal. See Third Circuit L.A.R. 27.4 and I.O.P. 10.6.

Section 2241 is the appropriate vehicle for constitutional claims when a prison disciplinary proceeding results in the loss of good conduct time because the action could affect the duration of the prisoner's sentence. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Queen v. Miner, 530 F.3d 253, 254 n.2 (3d Cir. 2008) (per curiam). However, as explained by the District Court and as reflected in the record, the DHO did not impose any loss of good conduct time for the various code violations. Instead, the disciplinary proceedings resulted in temporary disciplinary segregation, temporary loss of

certain privileges, and restitution for damages. Ruff did not allege that these sanctions are at odds with the terms of his sentence. As Ruff's petition does not concern how his judgment of sentence is being effectuated, his claim relating to this disciplinary proceeding is not cognizable in a § 2241 habeas petition. See Cardona v. Bledsoe, 681 F.3d 533, 536-37 (3d Cir. 2012) (explaining that the district court lacked § 2241 habeas jurisdiction absent allegations that the challenged Bureau of Prisons conduct was "somehow inconsistent with a command or recommendation in the sentencing judgment").

Accordingly, we will summarily affirm the District Court's judgment.

4